86  580
38a 263

### John J. Cox

*v.*

### Henry M. Jordan.

1. Distress for rent — *set-off must be pleaded.* In a distress for rent, where the defendant pleads no rent in arrears only, the defendant can not recover judgment for damages in his favor upon any state of proof. To authorize this he must plead a set-off either specially or give notice thereof under the general issue.

2. SAME — *set-off by plaintiff to defendant's counter claim.* An action by distress is for rent due only, and unless the defendant opens the door to the investigation of other matters by pleading a set-off, the rent alone is the proper subject matter of the suit, and to this the proof should be confined. But if the tenant pleads a set-off, the landlord, by way of replication, may plead any matter of defense, such as a set-off, the same as if he were sued as defendant; but the landlord, in such case, can not recover for any excess of his set-off over that of the tenant. The prayer for judgment in such replication should be as claimed in the declaration.

3. STATUTE — *allowing tenant to plead set-off.* The statute giving the tenant in a distress for rent the right to avail of a set-off was intended to apply only to cases where, upon a fair adjustment of all counter claims other than the rent, the landlord will be indebted to the tenant, and in such case gives the tenant the benefit of his claim on such balance.

4. DISTRESS — *amending declaration.* The plaintiff in a suit by distress for rent has not the right to so amend his declaration as to make it embrace claims and demands other than the rent, or to make proof thereof under such amendment, although the defendant has pleaded a set-off.

APPEAL from the Circuit Court of Grundy County; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. HILL & DIBELL, for the appellant.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Appellant instituted proceedings in the Circuit Court, against appellee, under section 17 of chapter 80 of the Revised Statutes of 1874, by filing with the clerk thereof a copy of a distress warrant, with an inventory of the property levied upon, which was a warrant against the goods of appellee for rent claimed by appellant to be due and in arrear to him as landlord of appellee.

A summons was issued as provided in section 18 of that act, which was duly served upon appellee, who appeared and pleaded "no rent in arrear."

After this plea was interposed, appellant, by leave of court, filed the common counts in *assumpsit* as an amendment to the distress warrant, and to this appellee pleaded *non assumpsit*.

The issues thus formed were by agreement submitted to the court for trial without a jury, and, after hearing the

proofs and arguments, the court ordered " that plaintiff's
declaration in *assumpsit* and defendant's plea of general
issue be stricken from the files," and then the court found
the issue for defendant and assessed his damages at $36.03,
for which judgment was rendered in favor of the defendant
and against the plaintiff, and plaintiff appeals to this court.

The proofs are not preserved in the record.   The ground
upon which the declaration in *assumpsit*, and plea, were
stricken from the files is not shown by the record.   It may
be that the leave of the court to file them may have been
given upon representations which turned out to be untrue,
or no proof perhaps was given under them, and that the
court in that way or in some other may have had good
ground for setting aside the leave to file the same, and for
striking the same from the files.   When they were sup-
pressed, the only pleading of plaintiff left was the distress
warrant, which stood for a declaration, and the only plead-
ing of defendant was his plea of " no rent in arrear."

Upon this issue there is no possible condition of proofs
which could authorize a judgment for damages in favor of
the defendant.   A set-off must be pleaded specially, or
notice in writing must be given of the intention of the
defendant to rely upon set-off under the general issue.   It
was, therefore, error, under the pleadings, to render the
judgment in question in favor of defendant, and for this
error the judgment must be reversed.

The record contains no bill of exceptions in the ordinary
form, preserving any part of the evidence, but does contain
a certificate of the judge of the circuit court, under his seal
and signature, in the words following :

" *State of Illinois, Grundy County.   In Circuit Court,
November Term, 1876.   John M. Cox* v. *Henry M.
Jordan.   Distress for Rent.*

" The undersigned, judge of the Seventh Judicial Circuit
of said State, hereby certifies that the above-entitled cause,
based upon and originating in a distress for rent levied by
the said John J. Cox as landlord, upon the goods, chattels

and property of said Henry M. Jordan as tenant of certain demised premises, was tried and determined before me without the intervention of a jury, said defendant having duly entered his appearance therein, and that the following questions of law did arise and were determined by me as such judge in the progress of said cause, viz. :

" *First.* Whether or not said plaintiff had a right to amend the distress warrant so as to make the same cover claims and demands outside of and not covered by the claim and demand for rent, by adding the common counts for goods, wares, and merchandise sold and delivered, work and labor done, money loaned, etc.

" *Second.* Whether or not, under an amendment to the distress warrant covering the aforesaid claims and demands of said plaintiff outside of the claims and demands for rent, said plaintiff had the right to make proof of such outside claims and demands.

" *Third.* Whether or not, in case of distress for rent, the tenant having entered his appearance and filed a claim of set-off greater in amount than the landlord's claim for rent, the landlord had the right, under any amendment which could be legitimately allowed to the distress warrant, to present and make proof of other claims and demands against the tenant outside of the claim and demand for rent upon which the distress for rent was based.

" *Fourth.* Whether or not, upon the trial of a proceeding based upon distress for rent by the landlord against the tenant, when the tenant has entered his appearance in said cause, the plaintiff has the legal right to plead and make proof of claims and demands outside of claims and demands for rent upon which the distress for rent was based, and not growing out of, or dependent upon, the relation of landlord and tenant, and recover a judgment against the defendant in such suit or proceeding for such outside claims and demands, if the proof warrants such judgment.

" And I further certify that each and all of said questions were determined by the undersigned as judge of said court

against the said plaintiff, the undersigned holding that claims and demands outside of the claims and demands for rent could not be pleaded and given in evidence by the landlord in such a proceeding, but that the tenant had the right to plead and prove matters of set-off against the landlord, to which ruling of the court the plaintiff excepted, and prayed an appeal to the Supreme Court, and now by assent of the said parties litigant the foregoing questions of law and decisions thereon are certified to the Supreme Court of the State for review, in conformity with the statute in such case made and provided."

This certificate, we learn, was intended as an agreed case — under section 75 of chapter 110, Revised Statutes, page 784 — but appellant chose afterwards to bring up a full record, and asks that these questions may be passed upon; and, as the cause must be remanded for another trial, it is proper that these questions should be passed upon.

It is perhaps of no practical importance whether the plaintiff in such case be permitted, where a set-off is interposed, to amend his declaration, so as to embrace counter claims which he may have against the defendant, or whether he be permitted to set them up by a replication in the nature of a plea of set-off, or otherwise, in answer to defendant's plea of set-off; but in one way or other the plaintiff ought to be able to answer the set-off of the tenant with any defense which he might interpose had the tenant sued upon the matter set up by his plea. No serious wrong or inconvenience is likely to grow out of either practice.

The action (for such it is by the statute) is, however, for rent; and unless the defendant opens the door to the investigation of other matters by interposing a set-off, the rent alone is the proper subject matter of the controversy, and to that the proceedings should be confined. The statute gives the tenant the right to " avail himself of any set-off, or other defense which would have been proper if the suit had been for the rent in any form of action, and *with like effect.*" Now, in any other form of action set-off must be

pleaded, and when pleaded it is a cross-action. To this cross-action the plaintiff, by way of replication, may plead any matter of defense which he might have pleaded to the same matter if found in a declaration in an original action brought by defendant. It seems to follow that, by way of replication to a plea of set-off (which is a cross-action), the plaintiff may plead a plea of set-off, and ask to have so much of his counter claim set off against the claim of defendant stated in his plea as may be necessary to extinguish the same, but the plaintiff in such case obviously will not be entitled to a judgment for the excess of his set-off over that of defendant, for this would be a departure from his original declaration. The prayer for judgment in such replication should be for judgment as claimed in his declaration. In other words, it would seem that the plaintiff may use any counter claims he may have to defeat the set-off pleaded by defendant, but can not use the same as a basis of judgment against the tenant for the amount thereof—that he may use his counter claims as a shield, but not as a sword.

If this be the true rule in ordinary actions of debt or *assumpsit*, it would of course apply here. No precedent, however, is found for such a replication, nor do we find the question discussed in any work or adjudged case to which our attention has been called, and it is suggested with some force that the right to plead a set-off is statutory, and the statute grants this right to none but defendants, and hence a plaintiff can not avail himself of it. A plausible answer to this suggestion is, that the plea of set-off is in substance a cross-action, in which the plea of defendant stands for a declaration, and that as to that cross-action, the plaintiff in the original action is a defendant, and as such may avail himself of the statute.

Whatever may be the true rule in ordinary actions, we have no hesitation in holding that in this proceeding the plaintiff must be allowed to reply a set-off against the set-off brought forward by the defendant's plea.

Rules of pleading are mere modes prescribed or permitted by the courts, for the purpose of bringing before the court all truths which ought to be considered in determining the ultimate rights of the parties. When once adopted, they should be followed in all like cases, for the sake of uniformity in the administration of the law, and to facilitate the transaction of the business of courts. When, however, a statute intervenes, producing new exigencies to which the ordinary rules of pleading and practice can not be applied without doing injustice, it becomes the duty of courts to prescribe or permit new modes of pleading for the purpose of readily reaching a just result. Where, as between the landlord and tenant, upon a full adjustment of all their claims and counter claims other than the landlord's claim for rent, the tenant is debtor to the landlord, it would clearly be very unjust to permit the tenant to defeat the landlord in his lawful right to collect his rent by distress by bringing the defendant's counter claims against the rent, and excluding the counter claims of the landlord.

In the case of *Turner et al.* v. *Simpson*, 12 Ind. 413, we find an authority in point. It was provided by statute in Indiana that in actions upon a note by several defendants, one of whom is principal and the others sureties therein, any claim of the principal defendant against the plaintiff may be pleaded as a set-off.

Simpson brought his action against John R. Turner and William Turner, upon a promissory note given to him by them. It was pleaded by the defendants that John R. was the principal in the note, and that William was merely his surety, and that Simpson was indebted to the principal defendant, and this claim was pleaded as a set-off. The plaintiff set up in his replication as a set-off to this set-off another indebtedness of the principal debtor to him, equal to the counter claim in the plea. This replication was held good.

The plain purpose of the statute, giving the tenant in a proceeding by distress the right to avail himself of any set-

off he may have against the landlord, was intended to apply only to cases where, upon a fair adjustment of all counter claims (other than the rent), the landlord would be a debtor to his tenant, and in such cases to give the tenant the benefit of his claim on such balance.

We therefore hold that the plaintiff in such case has not the right to so amend his declaration as to make it embrace claims and demands not covered by his claim for rent, or the right to make proof thereof under such an amendment, although defendant has pleaded a set-off; nor has the plaintiff in such case the right to recover judgment against defendant for any demands or claims other than his claim for rent. But we think the circuit court erred in holding that claims and demands other than for rent could not be pleaded and proven by the plaintiff as a defense against the defendant's set-off.

A construction of this statute which would confine the landlord in this action to his original demand for rent, and permit the tenant (in a case in which, aside from the rent, upon a fair adjustment of all their respective claims, credits and deductions, he is really the debtor of the landlord) to defeat the landlord in his just proceeding for his rent, and subject him to costs, would lead to results never intended by the Legislature. The only reasonable escape from such a conclusion which we perceive is to hold that the defendant shall not be allowed to avail himself of a set-off except in cases where it in justice ought to be applied to the rent, and the plaintiff may, therefore, plead any matter in reply to the plea of set-off which shows that upon a full adjustment between the parties of all mutual demands (other than the rent) the tenant would not, by reason thereof, be entitled to any credit upon, or deduction from, the rent.

The judgment must be reversed and the cause remanded for proceedings in pursuance to the views expressed in this opinion.

*Judgment reversed.*