Syllabus.    Statement of the case.

102  453|
 25a 588|
102  453|
 51a 247|
102  453|
 65a 407|

## THE CITY OF EAST ST. LOUIS

### *v.*

## CHARLES W. THOMAS.

*Filed at Mt. Vernon March 29, 1882.*

1. DEFAULT—*of the diligence to set aside.* A judgment by default against a plaintiff on a plea of set-off, for want of a replication thereto, and joinder on the general issue, when the case is called for trial, will not be set aside, when the action has been pending a long time, on the ground that plaintiff's attorney could not find the papers in their proper place, and was mistaken as to the day the case was set for call on the docket. In such case, without any application to the clerk for the papers, there is no excuse for the failure to traverse or reply to the pleas.

2. PRACTICE—*jury to try issue—on default.* The calling of a jury to "try the issue" in a cause, when no issue has been joined, and the plaintiff has been defaulted for want of a replication to a plea of set-off, if an error, is a mere formal one, from which the plaintiff could not, in any event, be injured, and is therefore no ground of reversal.

3. SAME—*right of plaintiff to dismiss after plea of set-off is interposed.* The provision in the statute that after a plea of set-off has been filed the plaintiff shall not be permitted to dismiss his suit without the consent of the defendant, or "*leave of court,*" implies that leave of court is not to be given to dismiss, except for cause shown.

4. SAME—*on failure of plaintiff to reply to plea of set-off.* Where no joinder is taken on the plea of the general issue, or replication filed to a plea of set-off, when the case is called for trial, and the plaintiff fails to appear, the better practice is to enter judgment in bar of the plaintiff's action for want of the joinder, and call a jury to assess the defendant's damages under the plea of set-off.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

An action of assumpsit was begun in the City Court of East St. Louis, to the March term thereof, in 1880, by the appellant against appellee, and on the 15th of May, 1880, an *alias* summons was issued and served upon the defendant, claiming damages in the sum of $2000, and returnable on

the first Monday of June, 1880. At the August term, 1880, on motion of defendant, the venue was changed to the circuit court of St. Clair county. A transcript of the proceedings in the cause in the City Court of East St. Louis, duly authenticated by certificate of the clerk thereof, with the papers in the case, were filed in the office of the clerk of the circuit court of St. Clair county, on the 2d day of February, 1881, and the cause placed on the docket of that court. Among the papers thus filed with the clerk of the circuit court on February 2, 1881, was a declaration in the cause (filed January 26, 1881, in the office of the clerk of the City Court of East St. Louis,) by plaintiff, and against defendant, claiming damages in the amount of $2000. This declaration contained merely what are called · the common counts in assumpsit, and was signed "M. Millard, attorney for plaintiff," and was entitled of the March term, 1880, of the City Court of East St. Louis.

On March 1, 1881, the defendant filed with the clerk of the circuit court two pleas:—first, the general issue concluding to the country; and second, a plea of set-off for professional services as attorney at law for defendant, claiming damages at $4000, and offering to set-off and allow to plaintiff out of said sum of $4000 "the full amount of plaintiff's damages." At the same term, by order of court, the cause was, on the 4th of May, 1881, continued until the next term. The next term began on May 16th, being the third Monday of that month.

At the May term, 1881, and on the sixth Monday of that term, being the 20th day of June, 1881, the cause was called for trial. Plaintiff had neither joined issue on the plea of non-assumpsit, nor filed any replication to defendant's plea of set-off. The plaintiff being called, came not, and no attorney appeared at that time or answered for the plaintiff.

A standing rule of that court, adopted at the September term, 1879, and still in force, required that all pleas in law

cases going to plaintiff's declaration must be filed on or before the meeting of the court on the first Thursday of the term, and on failure to comply with this rule default may be entered; and that all demurrers, etc., to defendant's pleas must be filed by the meeting of the court, by the second day after such plea is filed, and this rule shall be applied, as near as may be, to all subsequent pleadings. Any demurrer, etc., filed beyond the limits of this rule, without leave of court, may be stricken from the files, or treated as waived, as the court may determine.

In this condition of affairs the court, on motion of defendant, entered judgment by default against the plaintiff for want of replication to the plea of set-off, and awarded a writ of inquiry to ascertain defendant's damages upon that plea, and the record says: "This cause, and said writ of inquiry, thereupon coming on to be tried and executed, the court, on motion of defendant, ordered a jury." The jury was sworn to "try the issues in this cause, and assess defendant's damages" under the plea of set-off. The verdict returned was: "We, the jury, find the issues for the defendant, and assess the defendant's damages on said writ at $1027." Judgment was thereupon entered upon the verdict, that the defendant recover of plaintiff his damages thus assessed at $1027, and his costs to be taxed.

Afterwards, at the same term, and on the next day after the entry of the judgment, plaintiff, by B. H. Canby, its attorney, moved the court to set aside the default and judgment so entered on defendant's plea of set-off, and to set aside the verdict and judgment thereon, and grant to plaintiff a new trial. Said motion was in writing, with apt reasons assigned. Plaintiff, in support of these motions, produced to the court the affidavit of Mr. Canby, sworn to June 21, 1881, stating, in substance, that he was first employed in the cause by plaintiff at the commencement of the (then) present term; that at the first of the term he looked for the files in the

cause at the place where, by its number on the docket, they should be, and failed to find them; that he diligently searched "among all the files of the present term, and could not find the papers in this cause; that he continued to look for said papers, every day or two, among the files of the court, from the beginning of the term up to the morning of Friday, June 17, 1881, which was the last day of court before the day on which the judgment in this cause was rendered," and failed to find them; that he did not, and under the circumstances could not, know that a plea of set-off was on file unanswered; that by mistake "he got the setting of this cause for Wednesday, June 22, 1881; that he was present in court on June 20, 1881, until noon; that up to that hour the case had not been called for trial, and that then he left court and went to his home in East St. Louis, fully believing, and having no doubt, that the case was set for trial on Wednesday, June 22, 1881, when he intended to be present and make proper defence thereto,—it was only by reason of this mistake about the setting of the cause that the default occurred. The affidavit further states that plaintiff has a good and meritorious defence to said plea of set-off; that affiant expects to prove that plaintiff is not indebted to defendant in any sum whatever, on account of matters mentioned in that plea; that plaintiff has paid defendant about $1800, in full for all services rendered by him and mentioned in that plea.

The court overruled the motions of plaintiff, and refused in any way to disturb the verdict and judgment thus entered, and plaintiff then and there excepted to the rulings of the court in this respect. Plaintiff appealed to the Appellate Court, where the judgment was duly affirmed. Plaintiff brings the case to this court on appeal, and seeks to reverse that judgment.

Mr. B. H. CANBY, for the appellant.

Mr. A. S. WILDERMAN, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

We find in this record no sufficient cause to disturb the judgment. It is strenuously insisted that the circuit court erred in refusing to set aside the default entered for want of a replication to defendant's plea of set-off. We think the affidavit in support of the motion fails to show due diligence. The action was originally that of appellant. It must be taken that it was known to plaintiff's attorney that the declaration had been filed. He supposed the case was to be tried on the 22d of June. It was his duty to have the issues made up before that time. The case had long been pending. When he failed to find the papers, as he states, upon search at the commencement of that term (on May 16th), and on the divers occasions, "every day or two," on which he searched, up to the 17th of June, when he made his last search, it is plain that due diligence required him to make application to the clerk for the papers. While the clerk may have a general plan for keeping the papers pertaining to causes in court, known to the bar, it often occurs, and is always liable to occur, that papers which are not lost or mislaid are elsewhere than the usual place, and are still in the custody of the clerk, ready to be produced when needed. The failure to find the papers, when no application was made to the clerk to produce them, is no excuse whatever for the failure to traverse or reply to the plea.

It is contended, also, that it was error to call a jury to try the issue in the cause, when no issue had been joined. If this be error at all, it is error in a mere matter of form, by which appellant could not, in any event, be injured. The plea of non-assumpsit,—tendering an issue,—remained unanswered by plaintiff, no formal joinder of the issue having been filed by plaintiff. The plea of set-off, alleging an indebtedness by plaintiff in an amount greater than the demand of plaintiff, was on file, and not answered. The cause, in this condition, was called in its regular order for trial. By

section 31 of our Practice act, (Rev. Stat. 1874, p. 778,) it is enacted, that when a plea of set-off "shall have been interposed, the plaintiff shall not be permitted to dismiss his suit without the consent of the defendant, or leave of court." This implies that leave of court is not to be given to dismiss, under such circumstances, except for cause shown. When this case was called the plaintiff did not appear,—did not ask leave to dismiss. Judgment by default might, no doubt, have been entered *in bar* of plaintiff's action, for want of joinder in the issue tendered by the plea of non-assumpsit, and a jury might have been called merely to assess full damages to defendant under his plea of set-off, on which judgment by default had been entered. This, perhaps, would have been a more artistic mode of reaching the result. Appellant can not complain that a course more favorable to him was in fact pursued. The issue tendered by the plea of non-assumpsit was treated as joined, and it was submitted to a jury. At the worst, the jury could in that regard say no more against the plaintiff than the court ought to have adjudged without the jury,—that is, that plaintiff had no cause of action, as alleged in the declaration. In fact, it kept the door open to give to plaintiff, under that issue, the benefit of any testimony which might be brought out in plaintiff's favor in the assessment of damages under the plea of set-off. It is obvious plaintiff could in no event be injured by this departure from the strict mode of procedure, but might be benefited. The plaintiff, for some reason, has chosen to embody in the bill of exceptions all the evidence given to the jury. Looking into that, it is seen that this departure from the more artistic mode did redound to the benefit of plaintiff, for it there appears that the damages for defendant assessed in the verdict, are not the whole amount of defendant's demand proved, but merely the excess of that demand over plaintiff's demand.

We find no ground calling for a reversal of this judgment.

*Judgment affirmed.*