J. ALDER ELLIS *et al.*

*v.*

GEORGE W. COTHRAN.

*Filed at Ottawa November 14, 1885.*

1. SET-OFF—*defendant holding the affirmative in respect thereto.* In pleading a set-off, the defendant assumes the position of a plaintiff, and, in order to recover, is required to prove the same facts which he would be required to prove if he had brought an original action on his demand.

2. SAME—*as to the time when a right of action on the cross-demand must have accrued.* A defendant can not recover on a matter by way of set-off when his claim or demand was not due at the time the plaintiff brought his action; nor can he, after suit brought, purchase a demand against the plaintiff and set it up as a defence.

3. ACTION—*when a right of action accrues—in respect to the settlement of mutual accounts.* When the accounts between a commission merchant and his principal are closed, and the former closes out the purchases and sales made for the latter, though before the time for delivery, and renders to the latter an account showing the transactions between them as closed, the rights of the parties will thereby be fixed, and whatever sum growing out of their transactions coming from the one to the other, will become due, and the same may be recovered by action or by way of set-off..

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. TRUMBULL, WASHBURN & ROBBINS, and Mr. S. S. GREGORY, for the appellants.

Mr. H. M. MATTHEWS, and Mr. GEO. W. COTHRAN, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought on the 11th day of February, 1882, by appellants, to recover certain moneys which they had paid for appellee as losses on contracts on the Chicago board of trade, whereon appellee had been speculating in grain.

The declaration contained the common counts, to which the defendant pleaded the general issue, with notice of counter-claim, in which it is alleged "that in November, 1881, plaintiffs (appellants) were and held themselves out to be commission merchants, in the purchase and sale of grain and other produce in the Chicago market, for a commission, entered into an agreement with defendant (appellee) to act as his agents in the purchase and sale of grain and other produce for him, in such quantities and at such prices as he should, in each instance, direct, for a commission of one-fourth of a cent a bushel for all grains purchased and sold, and purchases and sales were to be for future delivery exclusively; that under such agreement, on and prior to January 25, 1882, plaintiffs bought for defendant 90,000 bushels of wheat, at the aggregate price of $120,481.25, at the average price of $1.33.868 per bushel, to be delivered in March, A. D. 1882, and 5000 bushels of wheat, at the price of $1.34¾ per bushel, to be delivered in February, 1882, being the same wheat mentioned and shown in plaintiff's bill of particulars as purchased; that on January 25, 1882, defendant, for the purpose of closing out such long purchases, ordered plaintiffs to sell for him, at Chicago aforesaid, said 90,000 bushels March wheat at $1.36½ per bushel, its then market value, and to sell said 5000 bushels February wheat at the prevailing market price, which was $1.35 per bushel, which orders could have been obeyed by the plaintiffs, but they refused to obey said orders, to defendant's damage of $3000, and that they thereupon became liable to pay defendant that sum;" that under the agreement aforesaid, in the months of December, 1881, and January, 1882, plaintiffs sold for defendant 100,000 bushels of wheat, at the aggregate price of $128,062.50, to be delivered in the month of March, 1882, and also 5000 bushels wheat, to be delivered in February, 1882, at the price of $1.27¼ per bushel, being the same wheat mentioned in plaintiff's bill of particulars as having been sold by plaintiffs for defendant;

and on February 9, 1882, defendant ordered plaintiffs, for the purpose of closing out said short sales, to buy for him 100,000 bushels wheat, deliverable in March, 1882, at $1.27 or under per bushel, and 5000 bushels wheat deliverable in February, at the market price in Chicago; and that the condition of the market in Chicago at that time was such that said orders could have been obeyed by the plaintiffs, and said wheat for March and February delivery could have been purchased at $1.26 per bushel, but that the plaintiffs refused to obey said orders, and that by reason of such refusal defendant suffered loss and damage in the sum of $3000, which plaintiffs became liable to and promised to pay. Then follow the common counts, claiming judgment in favor of defendant, against plaintiffs, for $8000.

Upon the first trial of the cause before the court without a jury, the plaintiffs recovered a judgment for $2788. This judgment, on appeal, was reversed, on the ground that the trial court erred in refusing certain propositions of law asked by the defendant. (*Cothran* v. *Ellis*, 107 Ill. 413.) Upon a second trial before the court without a jury, the defendant recovered, under his plea of set-off, a judgment against the plaintiffs for $8296.87, which was affirmed in the Appellate Court.

No question has been raised in reference to the decision of the court in the admission or exclusion of evidence, nor is it claimed that the court erred in passing upon propositions of law, as all the plaintiffs' propositions were approved by the court and none were asked by the defendant. There is, however, one question presented for consideration upon which the plaintiffs claim a reversal of the judgment, and that is, that defendant's claims or demands set up in his plea of set-off were not due at the time this action was brought, and hence no judgment could properly be rendered upon such claims. If the defendant's demands were not due at the time plaintiffs brought their action, he could not recover upon them. In

pleading a set-off, the defendant assumes the position of a plaintiff, and is required to prove the same facts which he would be required to prove if he had brought an original action on his demand. (*Kelly* v. *Garrett,* 1 Gilm. 649.) A defendant, after suit brought, can not purchase claims against the plaintiff and set them up as a defence, nor can he recover upon demands becoming due after he has been sued.

But when did defendant's demands against the plaintiffs become due? It is said by appellants, in their argument: "By the contracts of purchase for this March wheat, assuming them to be as claimed by appellee, he acquired the right to have delivered to him, during the month of March in that year, the quantity bought, upon payment of the purchase price. By the sale, if Ellis had made it as directed, Cothran would have obliged himself to deliver, during the month of March, the quantity sold, upon payment of the price." This position seems quite plausible, but the difficulty with it is, as appears from the facts, on the 10th day of February, 1882, appellants closed out appellee's purchases and sales. The deal was canceled, and appellants rendered an account to the appellee, showing that the transactions were closed. Indeed, as appears from the statement of the accounts, this suit was brought to recover a balance claimed to be due upon a final closing out of the purchases and sales which had been made by the appellants for and on behalf of appellee. The wheat, known by the parties as "long wheat" and "short wheat," was closed out, and after this was done, and an account of the transaction rendered to appellee, the rights of the parties became fixed, and whatever amount growing out of the wheat transaction which was coming from the one party to the other, was then due and payable.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*