## John H. Jones and G. W. Adams, Adm'rs, v. Alice Adams.

1. MARRIED WOMEN—*Contracts by.*—Under Sec. 6, Chap. 68, R. S. 1874, contracts may be entered into by a married woman, except as to partnerships, to the same extent as if she were unmarried.

2. SET-OFF—*Must Be Due When Action is Brought.*—A defendant can not recover on a matter, by way of set-off, when his claim or demand was not due at the time the plaintiff commenced his action.

**Administration of Estates.**—Proceedings in the Circuit Court of Johnson County, on appeal from the County Court; the Hon. ALONZO K. VICKERS, Judge, presiding. Finding and judgment for claimant; error by defendants. Heard in this court at the August term, 1898. Affirmed. Opinion filed February 28, 1899.

THOS. H. SHERIDAN, attorney for plaintiffs in error.

In the absence of an express contract the rendition of services, by those sustaining family relations, raises no presumptions of an intention to charge or pay therefor, and this is true whether parties are blood relatives or not. Patterson, Adm., v. Collar, 31 Ill. App. 340; 137 Ill. 403; Faloon v. McIntyre, 118 Ill. 294; Miller v. Miller, 16 Ill. 296.

WHITNEL & GILLESPIE, attorneys for defendant in error.

"Contracts may be made and liabilities incurred by a wife and the same enforced against her to the same extent and in same manner as if she were unmarried." Hurd's Statutes (1895), Chap. 68, Sec. 6.

This provision confers authority upon the wife to make contract. Of this there can be no question. Casner v. Preston, 109 Ill. 531; Avery v. Moore, 34 Ill. App. 115.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a claim filed in the County Court of Johnson County, by defendant in error, against the estate of George Adams, deceased, to recover payment for nursing deceased, and for cooking and washing for him, during a number of years last before he died.

The case was appealed to the Circuit Court, where trial was had by the court without a jury, resulting in a finding and judgment in favor of defendant in error for $300, to be paid in due course of administration.

Plaintiffs in error urge as grounds for reversal that claimant, being a married woman, living at the time with her husband, was incompetent to make such contract with deceased as is necessary to support her claim; that claimant being a blood relative of deceased can recover only upon proof of an agreement on part of deceased to pay; that no express agreement is proven, nor any circumstances sufficient to raise an implied agreement; that a certain note, mortgage and lease in evidence are conclusive against claimant; that the claim is barred by the statute of limitations, and that the amount of judgment is excessive.

The act of 1874, Sec. 6, Chap. 68, provides that contracts may be entered into by a wife, except as to partnerships, to the same extent as if she were unmarried. Under this statute defendant in error was competent to contract concerning the subject-matter involved. The facts in Olney v. Howe, 89 Ill. 556, relied on by plaintiffs in error, transpired before the passage of the act of 1874.

Defendant in error is a granddaughter of deceased, and the law is, that proof of mere performance and acceptance of such services as are claimed for in this case, between near relatives, does not create a liability to pay; the presumption in such cases being that on account of the relationship of the parties, the services were gratuitously rendered. Before a recovery can be had in such cases it must be shown that the relation of debtor and creditor existed; that it was the purpose of deceased to assume a legal obligation to pay, and of claimant to have pay. But it is not necessary that the claimant shall prove an express agreement to pay; it is sufficient if such facts and circumstances are proven as clearly imply an agreement to pay.

In this case the testimony tends strongly to prove an express agreement, and the judge who passed upon the facts of the case, as well as upon the law, was fully warranted in finding an express contract.

W. C. Adams testified: " He said, 'Alice, I want to hire you to do my cooking and washing,' and she said, ' Well.' He said he would pay her for taking care of him, for doing his cooking and washing, and she said, ' All right, grandpa, I will take care of you as well as I can.' "

Mrs. Dorrell testifies: " He wanted John and Alice to move in the house with him and tend to him and tend to the ground. He said he would give Johnnie half he made and pay Alice for cooking and washing for him. He said he wanted her to come in the house with him and take care of him and he would pay her for it, and she said, ' Well, I will do it.' "

Independent of the foregoing testimony, there is sufficient evidence in this record to clearly imply an agreement to pay.

At the date of the expiration of the time for which defendant in error claims pay, deceased executed a lease of his farm, known as the Whitehead place, to her husband, in which it was provided that the lessee should care for and cook and wash for deceased, and on the 28th day of October, 1896, defendant in error joined her husband in a note and

mortgage for $20 to deceased. Plaintiffs in error contend that these circumstances are conclusive against defendant in error. The note and mortgage was for money that the husband of defendant in error borrowed of deceased; and deceased, at the time of this transaction, admitted to defendant in error that he was then indebted to her.

Defendant in error claims nothing against the estate for services after the date of the lease for the Whitehead place.

The provisions of the lease and the circumstances of the note and mortgage, considered in the light of all the evidence, do not overcome all the testimony in favor of the claim, and conclusively show that prior to the time of that lease the services claimed for had been gratuitously performed by defendant in error.

Defendant in error commenced the services claimed for about the first of November, 1888, and continued to September 11, 1894, date of the lease of the Whitehead place to her husband, covering a period of five years, nine months and eleven days.

On the 4th day of March, 1897, she presented her claim against the estate in the County Court.

The statute of limitations is insisted upon, by plaintiffs in error, as a bar to that part of the claim that did not accrue within the last five years before commencement of these proceedings by filing the claim in the County Court against the estate.

If we apply the statute of limitations to this case, the amount of the judgment is not excessive. The time not barred would be from March 4, 1892, to September 11, 1894, a period of 131 weeks.

Deceased was a very old man, ninety-seven years old, in poor health, needed constant personal care and attention, as well as to have his food cooked and his clothes washed. Defendant in error served him faithfully. A number of witnesses testified that her services were worth $2.50 per week, small compensation for such services. This would amount to the sum of $327.50. If we treat the price of the calf and hog as payments, and not set-off, which we must

do if we allow the statute of limitations to apply, then these items must apply on what was due her at the time they were furnished, and can not be a proper charge against her demand for services rendered since March 4, 1892.

The item of the $20 note is not a proper set-off in this case. At the time of commencing this suit it was not a subsisting cause of action. That note was not due when this suit was commenced, nor when it was tried in the County Court.

" A defendant can not recover on a matter, by way of set-off, when his claim or demand was not due at the time the plaintiff brought his action." Ellis et al. v. Cothran, 117 Ill. 458; see also Crabtree v. Wells, 19 Ill. 55.

The judgment of the Circuit Court is affirmed.

Language of opinion modified and rehearing denied.