## Robert C. Benson, Appellee, v. John Looney, Appellant.

### Gen. No. 5437.

1. PLEADING—*when error to enter order sustaining demurrer.* It is error to enter an order sustaining a demurrer where there is no demurrer on file. If an objection raised by demurrer has been cured by amendment the demurrer does not stand as to the remainder of the objections made by it; the action in amending is a confession of the demurrer.

2. PLEADING—*when plea of set-off sufficient.* A plea of set-off is sufficient which is in substance that the plaintiff before and at the time of the commencement of the suit was and still is indebted to the defendant in a sum named for work, services and advice done and bestowed by the defendant for the plaintiff at his request and that such sum exceeded the sum due to the plaintiff by reason of the supposed promises in the declaration mentioned.

Assumpsit. Appeal from the County Court of Rock Island county; the Hon. ROBERT W. OLMSTEAD, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed March 16, 1911.

JOHN LOONEY, appellant, *per se.*

PHILIP H. WELLS, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

In this action of *assumpsit,* brought by Benson against Looney, defendant filed the general issue and a plea of set-off verified. Plaintiff filed a special demurrer to the pleas on the ground that they were not signed nor entitled of any term. Defendant obtained leave to amend by inserting the term and signing them, and the record recites that he did so amend on the day when leave was given. Some days thereafter the court sustained a demurrer to the plea of set-off, and defendant elected to stand by his plea. There was a trial and a verdict and a judgment for plaintiff, from which defendant appeals, and he assigns for error the

action of the court in sustaining the demurrer to the plea of set-off.

The obtaining of leave to amend was a confession of the demurrer. The record is certified to be complete, and it contains no demurrer to the plea as amended nor any motion nor order that the previous demurrer stand to the plea as amended. It was error to enter the order sustaining the demurrer when there was no demurrer. Counsel seem to suppose that after the amendment was made, that part of the demurrer which said that the plea was not sufficient in law still remained in the case, and we will therefore consider the plea of set-off on its merits. The substance of the plea is that plaintiff, before and at the time of the commencement of the suit, was and still is indebted to defendant in the sum of $100 for work, services and advice, done and bestowed by defendant for plaintiff at his request; that this exceeded the sum due to plaintiff by reason of the supposed promises in the declaration mentioned; and the plea offered to set-off the same against plaintiff's damages, and it concluded in proper form. It is said that this plea is insufficient under De Forrest v. Oder, 42 Ill. 500. The plea of set-off there adjudged insufficient was fatally defective in failing to allege that the sum claimed was still due to the defendant. It also sought to set-off unliquidated damages arising out of a breach of contract not connected with the contract sued on. What is there said in regard to unliquidated damages does not apply here. The other suggestions there made concerning the generality of the plea do not seem to have been followed in later cases. It is said that there is no allegation here of any fact which would make plaintiff indebted to defendant for advice. It seems that defendant is a lawyer, but the plea did not so aver. It is unnecessary to decide that question, as the plea averred that plaintiff was indebted to defendant for work and services done and bestowed by defendant for plaintiff at his

request, and this is a sufficient allegation. It is argued that the plea is defective in that it does not aver a promise by plaintiff to pay defendant, as would be required in a count in *indebitatus assumpsit* in a declaration. This plea is in accord with the precedents in Chitty and other writers. See 3 Chitty's Pl. 931, 933, and Puterbaugh's Common Law Pl. 8th Ed. 201. The court therefore erred in sustaining the demurrer to the plea of set-off, and as the suit was begun on October 31, 1906, and the demands offered to be set-off must have been due before the suit was begun (Ellis v. Cothran, 117 Ill. 458), it may be that defendant would now be barred from bringing an original suit in the matter of said set-off. We therefore conclude that this error must reverse the judgment.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*