### A. Tucker, Defendant in Error, v. William Henning Company, Plaintiff in Error.

### Gen. No. 16,349.

BROKERS AND FACTORS—*when revocation of authority may be made*. A principal who has authorized a broker to take orders on his behalf, the principal agreeing to accept all orders taken pursuant to the authority so given, may, at his pleasure, revoke the authority so conferred to obtain orders.

Error to the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 28, 1912.

CAMPE, KOEBEL & MECHLING, for plaintiff in error.

HOYNE, O'CONNOR, HOYNE & IRWIN, for defendant in error; WILLIAM R. WILEY, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

A. Tucker, hereinafter called the plaintiff, recovered a judgment upon a trial by the court without a jury, against William Henning Co., hereinafter called the defendant, for the value of five cars of barrels sold and delivered, which judgment we are asked to reverse.

The particular sale for which plaintiff sued defendant and obtained a judgment is not in issue. The defendant claims a set-off, and the controversy is over that. The defendant claims that the plaintiff was obligated to furnish at the same price—95 cents a barrel—five more cars of barrels, and, upon the plaintiff refusing to deliver this second lot, it should be allowed for the difference between the price at which plaintiff should have delivered the barrels and the reasonable market price. The defendant's second order for barrels is for convenience called by both parties order

No. 1475, and the plaintiff claims he was not bound by it.

The parties dealt through brokers, Grant, Beall & Co., and there was much correspondence between them. The sale on which suit was brought was made through a letter, dated December 13, 1906, from the plaintiff in reply to one from the brokers, in which he said that he was getting 95 cents for barrels, and if possible to get orders on that basis and he would accept all their orders. Five cars were shipped to the defendant under this order. On February 26, 1907, the brokers wrote to plaintiff, enclosing an order for five cars of barrels at 90 cents, to which plaintiff replied on February 28th: "I am in receipt of your order for 5 cars of vinegar and am sorry to state that I am in no position to accept the same at present." It is quite manifest that plaintiff referred to vinegar barrels, and could mean nothing else. On March 18th the brokers sent plaintiff the order in question, No. 1475, stating that it was to take the place of the order of February 26th. In order No. 1475 the price of barrels was named as 95 cents. It was not filled by plaintiff, who claims that by his letter of February 28th he not only refused the defendant's order, but repudiated any authority to the brokers which might be inferred from his letter of December 13th.

There are several other letters, none of which throws sufficient light upon the question to warrant any recital of its contents.

It is undoubtedly true that the plaintiff could revoke at his mere pleasure, at any time, any authority to the brokers to obtain orders, given in his letter of December 13, 1906. Walker v. Denison, 86 Ill. 142. It is also true that the defendant upon the trial was bound to prove the facts entitling it to a set-off by a preponderance of the evidence; that is, it was bound to prove that the letter of December 13th was a continuing authority, and that it was not revoked by any subsequent act of the plaintiff before he received or-

der No. 1475. Russell, Burdsall & Ward v. Excelsior Stove & Mfg. Co., 120 Ill. App. 23 (31); Ellis v. Cothran, 117 Ill. 458.

The trial judge, whatever other conclusion he may have reached, could hardly have found that the defendant had proven its right to a set-off by a clear preponderance of the evidence, and upon this basis alone would have been justified in disallowing the claim. The question is not free from doubt, but the very fact of this uncertainty makes it impossible for this court to say that the finding of the trial judge was against the weight of the evidence. Our conclusion is that the finding should not be disturbed, and therefore the judgment is affirmed.

*Affirmed.*