[Civ. No. 3512.    Second Appellate District, Division One.—September 14, 1921.]

MARIE J. YOUNG, Plaintiff and Respondent, v. CURTIS C. COLYEAR, etc., Defendant and Appellant; GEORGE W. YOUNG et al., Defendants and Respondents.

[1] WAREHOUSEMAN — PARTICIPATION IN UNLAWFUL TAKING OF STORED PROPERTY—REFUSAL TO RETURN TO PERSON ENTITLED—CLAIM AND DELIVERY — LIABILITY FOR COSTS. — Where a warehouseman employed by certain persons to store household goods of which they claimed to be the owners sent his employees to the residence of the real owner thereof during her absence and removed the goods in a manner little short of larceny, and thereafter informed such owner, upon demand for the return of the goods and offer to give an indemnity bond, that she would have to bring an action in replevin, and in such action joined with his codefendants in denying plaintiff's title and by cross-complaint asserted a claim of lien for cartage, storage, and attorney's fees and prayed that plaintiff and his codefendants be required to interplead as to their respective rights, such cross-complaint did not constitute a proceeding in interpleader but a complaint in intervention, and he is in no position to complain of the judgment, which in awarding plaintiff possession provided for the recovery from him as well as his codefendants, of her costs in pursuit of the property.

[2] ID.—LIEN FOR STORAGE—DEPOSIT BY OTHER THAN OWNER OR ONE IN LAWFUL POSSESSION.—While a warehouseman may by virtue of his lien retain possession of goods deposited by the owner, or by one in the lawful possession thereof, until the charges for

which the lien exists are paid, such right does not apply to property of which the depositor has neither title nor right of possession.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. A. Adair, Henry E. Carter and W. S. Baird for Appellant.

Winslow P. Hyatt and Henry O. Wackerbarth for Respondents.

SHAW, J.—Action in claim and delivery for the recovery of certain household goods and furnishings. Judgment went against all of the defendants, from which defendant Colyear alone appeals.

It appears that defendant Colyear was a warehouseman, who as such was employed by his codefendants to store certain household goods and furnishings of which they claimed to be the owners. Acting at their request, he, on October 25, 1919, sent his employees with a truck to plaintiff's residence during her absence therefrom, at which time they, under instructions from defendants Young and Appell, who had gained access to the house by unlawfully entering the same through a window and then opening a door, took the goods and chattels from plaintiff's dwelling to Colyear's warehouse, where they were, without the issuance of a receipt therefor, deposited in the name of Young and Appell. Immediately upon learning of the removal of the goods and on the same day that they were taken, plaintiff went to Colyear and demanded a return thereof, and, in consideration of his delivering the goods, offered to give him an indemnifying bond. He refused to surrender the goods, stating that she would have to bring an action in replevin to obtain them. Thereupon, and after notice in writing served upon him that the property had been "burglariously taken from her residence," she instituted this action, wherein Young and Appell are made codefendants with Colyear. After Young and Appell had answered, denying all the material allegations of the com-

plaint, defendant Colyear filed an answer likewise denying that plaintiff was entitled to possession of the property, and with it a cross-complaint wherein he alleged that both plaintiff and his codefendants claimed the property, upon which as warehouseman he asserted a lien for cartage, storage, and attorney's fees of $250 incurred in the action, offering to surrender the property to such person as the court might designate, subject to the payment to him of said alleged lien, and asked that his codefendants and plaintiff be required to interplead as to their respective rights in the property so alleged to be subordinate to his claims.

The court upon ample, though conflicting, evidence found that plaintiff was the owner and entitled to immediate possession of the larger part of the property, the value of which was fixed at $370, for which, with costs, judgment was given to plaintiff, and from which Colyear has appealed.

The taking of plaintiff's property from her residence was little short of larceny thereof, and while Colyear, under the circumstances, should be deemed innocent of any unlawful intent, nevertheless he was, with notice of plaintiff's claim at the time of the taking, given by his agents and employees, an active participant in the wrongful act, which fact alone, since the proceeding of interpleader is of an equitable nature, should bar him from asserting a right to the exercise thereof. (*First Nat. Bank* v. *Bininger,* 26 N. J. Eq. 345; *North Pacific Lumber Co.* v. *Lang,* 28 Or. 246, [52 Am. St. Rep. 780, 42 Pac. 799].)

[1] However this may be, we are clearly of the opinion that the cross-complaint filed *with* the answer and not *before,* as provided by the statute, and without application for defendant Colyear's discharge as a party and in the absence of a tender, free from his asserted claims arising from the contractual relation with his codefendants, cannot be construed as a proceeding in interpleader under section 386 of the Code of Civil Procedure, but must be deemed a complaint in intervention (sec. 387, Code Civ. Proc.), wherein it appears that upon the institution of the action, instead of disclaiming any interest by lien or otherwise in the property and delivering the same subject to the order of the court and, *before* answer filed, asking,

upon affidavit as provided by said section 386, to be discharged as defendant, he joined with his codefendants in denying plaintiff's title and claim to possession of the property or any part thereof, and at the trial contested her right thereto, and now on appeal strenuously attacks the findings made adversely to his codefendants, Young and Appell, upon the ground that the evidence is insufficient to support the same. Such a position is wholly inconsistent with that of a disinterested stakeholder, which he claims to be. As cross-complainant in the action, his position, as appears from his pleading and arguments made, is that of a party litigant, wherein he not only resists the claims of the plaintiff but asserts the right to affirmative relief against her, the sole basis for which is his wrongful act. His claim of lien, in so far as valid, must be measured by the contract with his codefendants, against whom he had judgment. Having refused, upon plaintiff's tender of an indemnifying bond, to surrender the property upon demand therefor, and joined with his codefendants in an effort to sustain their right to possession thereof, upon the success of which his right depended, he is in no position to complain because of the fact that the court, in awarding possession of the property to plaintiff, adjudged that she recover from him and his codefendants her costs laid out and expended in pursuit of her property. [2] While a warehouseman, as provided by section 27 of the act [Stats. 1909, p. 437], may, by virtue of his lien, retain possession of goods deposited by the *owner,* or by *one in the lawful possession thereof,* until the charges for which the lien exists are paid, such right does not apply to property of which, as in the instant case, the depositor has neither title nor right of possession. As against the true owner, the keeper of a garage could have no lien for storage upon an automobile left with him by one who had stolen it.

The appeal is not only without merit, but in view of appellant's active participation in the unlawful entry and taking of the property from plaintiff's house, it would be impossible to conceive of a principle so unjust as to entitle him to a lien thereon for the costs and attorney's fees incurred by him in resisting her lawful claim to the possession of the property, particularly so when she offered

to give him a bond indemnifying him against any loss from so doing.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 8, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 10, 1921.

All the Justices concurred.