[Civ. No. 8779. First Appellate District, Division Two.—November 10, 1932.]

LEON S. COGGINS, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Waldo F. Postel for Petitioner.

Theo J. Roche and Sullivan, Roche, Johnson & Barry for Respondents.

STURTEVANT, J.—This is an application for á writ of review. Heretofore Charles A. Brickett, as executor of the last will and testament of Mary E. Brickett, deceased, commenced an action against the Bank of America National Trust and Savings Association. In his complaint the plaintiff alleged that in 1916 the decedent deposited in a bank that has subsequently been consolidated with the Bank of America the sum of $2,000. He alleged that the said amount was deposited in an account in the name of Leon I. Coggins. Continuing he made other appropriate allegations and in his prayer he asked for judgment in the sum of $2,000 with interest from date of deposit. The Bank of America appeared and answered and at the same time filed a cross-complaint. The cross-complaint purports to be a complaint in interpleader. Therein the bank set forth the claims that were made against it by Charles A. Brickett and continuing it pleaded that a claim was also being made against the bank for the same moneys by Leon S. Coggins, this petitioner. In the cross-complaint the bank set forth that it made no claim to the moneys but that the deposit was in a commercial account and that the moneys did not bear interest. Other appropriate allegations were inserted and the bank asked that the claimants be required to interplead and litigate among themselves their respective rights to the deposit, and that the bank might be authorized to deliver the deposit to some person designated by the court and thereafter that it might be discharged from further liability. The cross-complaint was answered by Charles A. Brickett and it was also answered by this petitioner. Thereafter the action was called for trial. Without objection on the part of anyone, all of the issues made by all of the pleadings hereinabove mentioned were put in issue. After the action had been fully tried the trial court made findings of fact in favor of Charles A. Brickett on his complaint and also in favor of Charles A. Brickett on the issues presented by the cross-complaint. It also made findings of fact against this petitioner. Thereafter judgment was entered in favor of Charles A. Brickett on the findings so made and an appeal

414

was taken on May 9, 1932. While making up his brief on that appeal this petitioner noted that the original complaint should have been filed in the municipal court and not in the superior court. (Code Civ. Proc., sec. 76; Stats. 1929, p. 838.) Thereupon the petitioner paused in the preparation of his brief and made this application in which he asks that the judgment of the superior court be annulled for want of jurisdiction. He claims that the superior court had no jurisdiction of the subject matter because the claim of the plaintiff against the bank exclusive of interest did not exceed $2,000. Continuing he claims that jurisdiction of the subject matter cannot be conferred by consent, agreement or waiver of the parties. (*A. M. Schwartz, Inc.,* v. *Burnett Pharmacy,* 112 Cal. App. (Supp.) 781, 784 [295 Pac. 508].) The respondent at once admits the assertion of the petitioner if that assertion is confined to the original complaint filed by Charles A. Brickett. However, the respondent continues by calling attention to the pleadings that were subsequently filed in the superior court and takes the position that the said superior court did have jurisdiction of the subject matter of the complaint in interpleader and the answers thereto and that the point now presented by the petitioner comes too late. In this connection he claims that an action in interpleader is a proceeding in equity (*Union Mutual Life Ins. Co.* v. *Broderick,* 196 Cal. 497 [238 Pac. 1034]; *Young* v. *Colyear,* 54 Cal. App. 232 [201 Pac. 623]; *Israel* v. *Bryan,* 52 Cal. App. 66 [197 Pac. 121]) and thereupon he asserts that the superior court alone has jurisdiction to determine proceedings in equity. (Const., art. VI, sec. 5.) He next asserts that although lacking jurisdiction to entertain the cause of action set forth in plaintiff's complaint, the court had jurisdiction to try and determine the cause of action in equity set forth in the bank's cross-complaint in interpleader and the issues raised by such cross-complaint. He cites and relies among others on *City of Santa Barbara* v. *Eldred,* 95 Cal. 378 [30 Pac. 562]; *Hart* v. *Carnall-Hopkins Co.,* 101 Cal. 160 [35 Pac. 633]; *Faxon* v. *All Persons,* 166 Cal. 707 [137 Pac. 919, L. R. A. 1916B, 1209]. The authorities so cited, while not directly in point, are quite convincing. Moreover, there is another line of authority that is applicable. In the United States District Courts and various state courts the jurisdiction of

certain actions depends upon the amount involved. Especially in those states having the reform procedure the statutes provide that the defendant may come forward and file a counterclaim or cross-complaint. In several instances .the case as presented by the original complaint was defective by reason of the amount involved being less than the sum specified establishing the jurisdiction of the court. However, when the defendant appeared he filed a cross-complaint that was clearly within the jurisdiction of the court. When, in those cases, an attack was made that the court did not have jurisdiction, the question which is presented in the instant case arose. In *Merchants' Heat & Light Co.* v. *Clow & Sons,* 204 U. S. 286 [27 Sup. Ct. Rep. 285, 51 L. Ed. 488], a somewhat similar question was presented to the Supreme Court of the United States. On page 290 Mr. Justice Holmes, speaking for the court, said:

"If, as would seem and as was assumed by the form of pleading, the counterclaim was within the Illinois statute, *Charnley* v. *Sibley,* 73 Fed. 980, 982 [20 C. C. A. 157, 34 U. S. App. 705], the case is still stronger. For by that statute the defendant may get a verdict and a judgment in his favor if it appears that the plaintiff is indebted to him for a balance when the two claims are set against each other; and after the cross claim is set up the plaintiff is not permitted to dismiss his suit without the consent of the defendant or leave of court granted for cause shown. (Ill. Rev. Stats., chap. 110, secs. 30, 31; *East St. Louis* v. *Thomas,* 102 Ill. 453, 458; *Butler* v. *Cornell,* 148 Ill. 276, 279 [35 N. E. 767].)

"There is some difference in the decisions as to when a defendant becomes so far an actor as to submit to the jurisdiction, but we are aware of none as to the proposition that when he does become an actor in a proper sense he submits. (*De Lima* v. *Bidwell,* 182 U. S. 1, 174 [21 Sup. Ct. Rep. 743, 45 L. Ed. 1041, 1047]; *Fisher* v. *Shropshire,* 147 U. S. 133, 145 [13 Sup. Ct. Rep. 201, 37 L. Ed. 109, 115]; *Farmer* v. *National Life Association,* 138 N. Y. 265, 270 [33 N. E. 1075].) As we have said, there is no question at the present day that, by an answer in recoupment, the defendant makes himself an actor, and to the extent of his claim, a cross-plaintiff in the suit. (See *Kelly* v.

*Garrett*, 1 Gilm. (6 Ill.) 649, 652; *Ellis* v. *Cothram*, 117 Ill. 458, 461 [3 N. E. 411]; *Cox* v. *Jordan*, 86 Ill. 560, 565.)"

In *McConnell* v. *Frost*, (Tex. Civ. App.) 45 S. W. (2d) 777, at page 779, the Court of Civil Appeals of Texas said: "Whatever may have been the status of the case at the time the suit was filed, when the defendants and interveners filed their cross-actions and pleas of intervention alleging claims within the jurisdiction of the district court, and seeking a foreclosure of their liens as against the plaintiffs and all other parties on the same property covered by plaintiffs' liens, the court acquired jurisdiction to try the whole case and to adjust the liens of the various parties on the property in question. *It is sufficient that, at the time the court tried the case, there was then pending before the court a cause of action within its jurisdiction in which the parties were jointly interested.*" (Italics ours.) That case rests in part on an earlier case, *Phelps & Bigelow Windmill Co.* v. *Parker*, (Tex. Civ. App.) 30 S. W. 365. At page 366 the court said: "Upon principle, we think the same rule should apply to this case. Appellees would have had the right to institute their suit for damages in the district court in the first instance, and, had they done so, there could be no question as to the right of appellant to plead in reconvention the notes sued upon. Practically the same result is here accomplished. *The order in which the parties appear in court is of but little consequence. It is to the substance, more than the form, that we must look.*" (Italics ours.) So in the instant case. The Bank of America might have commenced its action first. In that event there is no question but that the superior court would have had jurisdiction. However, when the defendants were served they would have had the right to appear and file pleadings continuing the same identical issues which they have tendered. If the pleadings had been filed in the order as just stated, no question whatever could have been presented regarding jurisdiction.

In his closing brief the petitioner asserts that the complaint is the test of jurisdiction. Of course that is true in the presence of an attack made by a demurrer. Again he asserts that jurisdiction is unaffected by counterclaim or cross-complaint. In the instant case we are not concerned with counterclaims. The contention of the petitioner

as to a cross-complaint is not supported by any authority. Again it is stated that an objection to jurisdiction of the subject matter can be raised at any time. We do not understand the respondent to claim to the contrary. The petitioner again asserts that the case at bar is not an interpleader action. A cursory reading of the cross-complaint shows that it certainly purports to be a proceeding in interpleader. No demurrer was interposed. If for any reason the cross-complaint was insufficient that fact did not strike at the jurisdiction of the trial court.

For the reasons hereinabove stated the application is denied.

Nourse, P. J., and Spence, J., concurred.