### Sublette *vs.* Melhado.

Where an attachment was issued by the court of First Instance against the property of a debtor, and the sheriff had executed the same, and was ordered to make the amount due the creditor out of the goods, chattels, and property of the debtor; *held*, that the sheriff could not maintain an action in his own name to recover a sum owing to the attachment debtor by a third person, for goods sold and delivered.

Appeal from the court of First Instance of the district of San Francisco. On the application of Swanston & Taylor, an attachment was issued against the property of George S. and Thomas Wardle, and was executed by the plaintiff, who was the sheriff, or *commissario*, of the court of First Instance. The court, thereupon, made an order by which the plaintiff was directed to proceed under said attachment, and of the goods, chattels, and property of the Wardles, to make the amount which had been found and adjudged to be due from the Wardles to Swanston & Taylor. The defendant, Melhado, was indebted to

the Wardles in the sum of $1600, or thereabouts, to the greater part of which amount he claimed to have a set-off. The plaintiff, proceeding under the above-mentioned order of the court, brought this suit to recover the sum due from Melhado to the Wardles. The court of First Instance, on the trial of the cause, allowed the amount of Melhado's set-off against the Wardles in part extinguishment of his indebtedness to them, and gave judgment in favor of the plaintiff for the balance. The plaintiff, claiming that the set-off was improperly allowed, appealed. The defendant did not appeal.

*Edward Norton*, for plaintiff.

*P. A. Morse*, for defendant.

*By the Court*, HASTINGS, Ch. J. Andrew W. Sublette, the late sheriff of said court, institutes this action against Alfred Melhado, a debtor to George S. Wardle and Thomas Wardle, against whom process of attachment had been issued in favor of Robert S. Swanston and Henry S. Taylor. The action is based upon the supposed rights of the sheriff, by virtue of the service of the attachment upon the property and effects of the defendants in the attachment, and that, by virtue of such service, he became the assignee of the Wardles, and thus had the right to recover in his own name an outstanding unnegotiable demand. The process of attachment, and its auxiliary process of commitment, are generally regulated by statute; and it is believed, by no statute in any country, is the sheriff made, by virtue of such process, an assignee of a failing or bankrupt debtor. It is evident, then, that Sublette had not the right of property in the debt, and could not maintain an action in his own name for the recovery of such a debt. If the appellant had been an assignee, having the legal interest, as seems to have been understood by all of the parties from the commencement of these proceedings, then the points made by his counsel would have a tendency to show error in the court below, in allowing the credit specified

in the record, and we should probably feel bound to reverse the decision of the court allowing such a credit.

It is urged, however, by counsel for appellant, that the respondent by his pleadings admitted the legal right of the appellant to sue in the capacity of an assignee, inasmuch as he did not set up such defence on trial, but admitted a willingness to pay a certain balance after allowance of the credit. It is true parties may sometimes, in ignorance of the law, make confessions of record prejudicial to their rights. But courts should put at least a favorable construction upon such admissions, and not force them to a greater admission than is clearly intended.

The respondent denies the right of appellant to recover the amount of the credit allowed, but admits the right to the balance, for which judgment was rendered by the court.

But is it not evident that, had the appellant recovered for the full amount claimed, the respondent could have succeeded on motion in arrest of judgment, for reason that there was no right of action in the plaintiff?

We think, according to the rules of practice in courts of common law, that the defect would have been fatal on motion in arrest. (*Stephen's Pleadings*, 97.)

It does not appear, therefore, that the court below erred in refusing to render judgment for the full amount claimed; and inasmuch as the respondent has not appealed from the decision of the court, but seems to acquiesce therein, the judgment is affirmed.