TOUSEY *v*. BELL and Another.

PRACTICE—DEMURRER.—Our practice does not authorize a demurrer to a part of a paragraph; the objection should be made by motion to strike out.

SAME.—If the portion of the paragraph to which the demurrer was sustained would have been properly stricken out on motion, the correct result having been reached, the Supreme Court will not reverse the case for the error in practice. Page 424.

CONSTRUCTION OF STATUTES.—Remedial statutes should be construed largely and beneficially, so as to advance the remedy.

CITIES—ASSESSMENT OF TAXES.—The 21st section of the act for the incorporation of cities, (1 G. & H. 221,) providing " that the assessor shall, before the first *Monday* in *May* in each year, unless otherwise ·directed by the common council, make .out, etc.; said assessment shall be completed at the time above indicated, and return made thereof to the clerk of the city, unless, by an order of the common council, further time be given him;" fixes the date by which, as a general rule, the assessment should be completed, and places a discretionary power in the common council to extend the time when circumstances require it. And it is not material whether this discretionary power is exercised before or after the first *Monday* in *May*. Page 424.

SAME—GUARDIAN AND WARD.—The personal property of a ward residing outside of the city of *Lawrenceburg*, in the possession and under the control of the guardian residing in the city of *Lawrenceburg*, is liable to taxation by the city. Page 426.

SAME.—The private property of the guardian can not be seized to satisfy the taxes of the ward assessed against him as guardian. Page 427.

APPEAL from the *Dearborn* Common Pleas.

RAY, CH. J.—This was a suit instituted against the city of *Lawrenceburg* and *Bell*, the treasurer of said city, to enjoin the sale of personal property seized by said treasurer to satisfy certain city taxes assessed against said *Tousey*, and which he had failed to pay. The property belonged to *Tousey*, but the taxes charged to him were in part assessed against him individually, and in part as guardian of wards residing out of ' said city, and whose property, in notes and bonds, was held by said guardian within said city. A restraining order was granted in vacation, and at the next term of the court a demurrer was filed by the defendants, and sustained by the court, to so much of the

complaint as related to the taxes charged against the plaintiff individually; and a demurrer was also filed and overruled as to all charges against him as guardian. Exceptions were taken by both parties. The complaint is in one paragraph, and the objections should have been made by motions to strike out. Our practice does not authorize a demurrer to a part of a paragraph. Still, if the portion of the paragraph to which the demurrer was sustained would have been properly stricken out upon motion, the correct result having been reached, we will not reverse the case for the error in practice.

The ground upon which it is sought to reverse the ruling of the court, so far as the same relates to the individual taxes of *Tousey,* is .that the assessment was not made until the fourth day of *June.* The 21st section of "the act for the incorporation of cities," etc., (1 G. & H. 221,) provides that "the assessor shall, before the first *Monday* in *May* in each year, unless otherwise directed by the common council, make out, etc. Said assessment shall be completed at the time above indicated, and return made thereof to the clerk of the city, unless, by an order of the common council, further time be given him." The council, on the 7th of *May,* passed an order extending the time for completing the assessment. It is insisted, however, that such action could only be taken by the council before the first *Monday* in *May,* and that any order made after the time fixed by law for the return was void.

In considering this question, we will be aided in determining what power the legislature has conferred upon the common council in the section cited by looking at the intent and purpose of the enactment. The first object plainly was to fix a date before which the assessment should, as a rule, be completed. The second object was to place a discretionary power somewhere, to extend that limit when circumstances might require it. Keeping these objects in view, of what moment is it whether this discretionary power is exercised before or after the first *Monday* in *May?*

The legal presumption would be, that the assessor would comply with the direction contained in the section, and complete his list by the day named; and until the limit has been past, the council may not be able to determine as to the necessity of such further grant of time. This power is to be exercised or not, at the discretion of the common council, and the court should grant the latest moment of time within the liberal spirit and intent of the act, to enable full information to be had, and indeed absolute certainty attained, of the necessity requiring its exercise. This power is clearly granted to the council for remedial purposes. It places within their hands the power to grant relief when from any cause the officer can not comply with the direction given in the statute. Such a grant should be construed largely and beneficially, so as to advance the remedy. Sedg. on St. & Const. Law, 359. But the provision of the statute itself fixing the time would be but directory, were it not that it requires action on the part of the council to extend the time; and certainly when they have attempted to exercise that power, a more strict rule should not be applied than would have prevailed in the absence of any grant of power to enlarge the time. In *New York*, it was held that "a statute requiring a tax to be assessed, and the tax list thereof to be made out by the trustees, and a proper warrant attached thereto within thirty days after the district meeting, in which the tax shall have been voted, is merely directory as to time. It being for the benefit of the public, these acts may be done after the time specified in the statute has elapsed." *Gale* v. *Mead et al.*, 2 Denio, 160, and cases cited.

In the case we are now considering, the act is to be performed not by the corporation, but by a mere ministerial officer, and the public should not suffer from a rigid construction being applied to a provision intended to secure relief to the corporation from the consequences of his failure.

But it is insisted that the construction placed upon this

provision deprives the plaintiff of a right—the right after the first *Monday* in *May* to examine the list, and have any errors corrected.    Sec. 44, acts of 1861, p. 34, for the "incorporation of cities," provides that "the common council, together with the assessors, shall constitute the board of equalization of such city, and shall within a month after the assessment roll has been returned, at a stated meeting thereof, of which at least two weeks notice shall be given, hear and decide all complaints in relation thereto." The plaintiff must wait the pleasure of the council to make his complaints within the limits stated, and it concerns him little whether the power to extend the time of completing the list was exercised before or after the first *Monday* in *May*. He is entitled, under all circumstances, to due notice of the date when his petition can be heard.

The court should have sustained a motion to strike out so much of the complaint as related to the assessment of taxes against the plaintiff individually, and this result, having been reached by sustaining the demurrer, affords no ground for objection in this court. The remaining questions will be considered as presented by the ruling of the court in sustaining a demurrer to the answer of the defendant.

The fourth specification of the complaint alleges that three of the wards, with whose taxes said *Tousey* is charged, reside out of the limits of the city of *Lawrenceburg*, and have no property within the limits of said city other than choses in action, notes, and other evidences of debt under the control of said guardian, and that the private property of *Tousey* has been seized to pay said taxes. The answer avers that said guardian resides within the limits of said city, and has under his control the property of said wards, affording ample means to pay the said taxes. Was the demurrer correctly sustained to this answer?

The city charter provides that "the common council shall have power to levy, and cause to be assessed and collected in each year, an *ad valorem* tax of not more than one per centum, for general purposes, on all property subject to

state and county taxation within such city," etc. Sec. 42, 1 G. & H. 228.

This provision requires that, to render property liable to city assessments, it must be "subject to state and county taxation," and its locality must also be fixed by the provisions of the general law for the assessment of state and county taxes, as within the limits over which the city, by virtue of her charter, has jurisdiction. Sec. 10 of this act, 1 G. & H. 70, provides that "the property of every ward shall be listed by his guardian." "Every person required to list property on behalf of others by the provisions of this act, shall list it in the same township in which he would be required to list it if such property were his own." Sec. 13 requires that "every person shall be listed, in the township where he resides when the enlistment is made, for all personal estate owned by him on the first day of *January*, in the year in which the enlistment is made, *including all personal estate in his possession or under his control as trustee, guardian, executor, or administrator.*"

The appellant resided in the city of *Lawrenceburg*, and we are of the opinion that the personal property of the wards was liable to taxation by the city. The authorities, in this instance, however, have seized the property of the appellant, *Tousey*, to pay and satisfy the taxes assessed against him as guardian, as well as those charged against him personally.

We are not aware of any statutory authority for such a proceeding, and without such provision the private property of the guardian can not be held liable for the debts of the wards. The assumption that, because it is made the duty of the guardian "to pay all just debts due from such ward out of the estate in his hands," on failure to discharge his duty, the city may proceed against his property, is unwarranted by any legal principle or statutory provision. The court properly enjoined such a proceeding.

The rulings already made involve all the questions at issue in this suit, and sustain the action of the court.

The judgment is affirmed, with six per cent. damages against the appellant, and costs.

*D. S. Major, J. E. McDonald*, and *A. L. Roache*, for appellant.

*John Schwartz, Thomas A. Hendricks* and *Oscar B. Hord*, for appellee.