Bash *et al. v.* Evans.

———•———

### BASH ET AL. *v.* EVANS.

COURT OF COMMON PLEAS.—*Judge Pro Tem.*—*Appointment.*—A judge of the court of common pleas, when he was for any cause called from the discharge of his duties as judge, after having commenced the term of court, had the power to appoint, in writing, some suitable person, who was a regular practising attorney of the State, to attend and hold such court, by virtue of the first section of " an act to authorize the appointment of some person to hold the common pleas court, in case of the absence or sickness of the judge " (2 G. & H. 29).

CHANGE OF VENUE.—*Prejudice of Regular Judge.*—An attorney thus appointed to act as judge committed no error in overruling an application for a change of venue founded upon an affidavit charging prejudice in the regular judge.

PRACTICE.—*Continuance of Cause.*—There was no error in refusing to postpone the trial of such cause until the return of the regular judge, against whom the charge of prejudice was made.

SAME.—*Withdrawal of Answer to File Demurrer.*—It is within the discretion of the judge to permit or refuse leave to withdraw an answer for the purpose of demurring to a complaint.

APPEAL from the Huntington Common Pleas.

BUSKIRK, J.—The appellee sued the appellants and Susan Bash and Enos V. Rollins, to foreclose a mortgage executed by Henry Bash and his wife, to secure a note executed by Henry Bush, Martin Bush, William K. Windall, and Calvin B. Richart. Rollins was only made a defendant to answer to his interest in a part of the land mortgaged. The action was dismissed as to Rollins, and so much of the complaint as sought a foreclosure of the mortgage was dismissed, which put Mrs. Bash out of the case.

The appellants answered by a denial. There was a trial by the court, finding for the plaintiff, motion for a new trial made, overruled, and excepted to, and judgment on the finding.

The appellants have assigned for error the overruling of the motion for a new trial.

The first question presented for our decision involves the jurisdiction of the court below, as it existed at the time of the trial.

The facts are these: This action was commenced on the 9th day of August, 1869. Process was served upon all the defendants, in time for the October term, 1869, of said court, except Rollins. Publication was made as to Rollins. At the October term, 1869, a special appearance was entered for Rollins, and a motion was made to set aside the publication, for want of a sufficient affidavit. The next regular term of said court commenced on the fifth Monday of January, 1870. The Hon. Robert S. Taylor was the regular judge of said court, who appeared in person at the commencement of such term, and entered upon the discharge of his duties as such judge. On the ninth judicial day of said term, the court sustained the motion, made at the previous term, to set aside the publication as to Rollins. Thereupon the plaintiff dismissed the action as to Rollins and Mrs. Susan Bash as hereinbefore stated. Judge Taylor continued to preside as the judge of said court until the sixteenth judicial day thereof, when he in writing appointed the Hon. James

H. Schell, a regular practising attorney of this State, and eligible to the said office of judge, to preside and hold the balance of said term, who assumed the duties of said office.

When the case under consideration was called for trial, the appellants objected to the same being tried before the said James H. Schell, for the reason that he was not legally appointed judge, and possessed no power or authority to try said cause. The objection was overruled, and the appellants excepted and present their objection and exception by a bill of exceptions.

The position assumed by the counsel for appellants is, that if a judge of the common pleas court, from any cause, is unable or fails to attend in any county of his district, for the purpose of holding his court, at the commencement of any regular term thereof, the judge may appoint some suitable person, who shall be a regular practising attorney of the State, to attend and hold such court; but if the judge attends and presides as such judge at the commencement of such regular term of court, he cannot, during such term, appoint any person to hold the balance of such term of court.

The above is claimed to be a correct interpretation of the first section of an act, entitled "an act to authorize the appointment of some person to hold the common pleas court, in case of the absence or sickness of the judge," approved March 7th, 1857, which reads as follows:

"Sec. 1. Be it enacted by the General Assembly of the State of Indiana, whenever, from any cause, the common pleas judge of any district shall be unable, or fails to attend in any county of his district, for the purpose of holding his court, at the regular term thereof, the judge of said court is hereby authorized to appoint some suitable person, who shall be a regular practising attorney of the State, to attend and hold such court, and such person so appointed, shall be vested with all the powers of the regular judge of said court, during said term in said county."

The language employed to express the manifest intention

Bash *et al. v.* Evans.

of the legislature is not perspicuous or well chosen. The obvious intention of the legislature was to provide for the holding of the common pleas court whenever from any cause the regular judge was unable or failed to attend to hold such court. The purpose was to prevent a failure of justice. The learned and ingenious counsel for appellants has been compelled, to support his construction of the above section, to interpolate the words "at the commencement of." If words are to be supplied by the court, then such words should be interpolated as would give effect to and carry out the plain and obvious meaning of the legislature, and not such as would defeat such intention. It would be as reasonable to say that the true reading of the section should be, "at the regular term thereof," or "during any day or part of such term," as "at the commencement of the regular term thereof," and obviously more in consonance with the legislative intent. If the construction contended for by the appellant is correct, then it would result that if the regular judge attended on the first day of the term, or at the opening of the court in the morning of the first day of the term, and should be stricken down with sudden sickness, or called home by sickness in his family, or any other pressing necessity, there could not be any court during that term, for the power conferred by the second section of said act upon the clerk, sheriff, and auditor, to appoint a judge, can only be exercised when the judge fails to attend "at any regular term." If we construe the first section as contended for by the counsel for appellants, then we must place the same construction upon the second section; for they must receive the same construction, as the language of each is almost identical. The second section reads as follows:

"Sec. 2. If at any regular term of said court, the judge shall fail to appear, to hold said court, or to appoint some person as provided in the first section of this act, then the clerk, sheriff, and county auditor, or any two of them, shall have the power to make such appointment as provided in the first section of this act." 2 G. & H. 29.

If the judge cannot make an appointment during the term, neither can the officers named in the second section; for they are to make the appointment as provided in the first section. The statute under examination is remedial, and should be construed largely and beneficially. *Ryan* v. *Vanlandingham*, 7 Ind. 416; *Doe* v. *Avaline*, 8 Ind. 6; *Tousey* v. *Bell*, 23 Ind. 423.

If words are omitted so as to obscure the meaning, they will be supplied by the obvious sense and inference from the context. *Pugh* v. *Duke of Leeds*, Cowper, 714.

When the words of a law are susceptible of two different senses, the court will adopt that sense which will not lead to an absurdity. Smith Com. Con. Constr. 664.

It is the duty of the courts to execute all laws according to their true intent and meaning; that intent, when collected from the whole and every part of a statute, must prevail, even over the literal import of terms, and control the strict letter of the law, where the latter would lead to possible injustice and contradictions. Smith Com. Con. Constr. 662; 1 Kent Com. 462.

It was held by this court, in *Miller* v. *The Board, etc.*, 29 Ind. 75, that "in the construction of statutes, we must look to the intention of the legislature; and it is a well settled rule, that where any cause of doubt arises, although apparently the doubt attaches only to a particular clause, the whole statute is to be taken together, and to be examined, to arrive at the legislative intent."

It was said by this court, in *Allison* v. *Hubbell*, 17 Ind. 559, that "although it is the province and duty of the court to construe a statute, and interpret the language employed by the law-makers, yet the object to be arrived at is a question of fact, namely, the intention of such law-makers. That is to be derived, if possible, from the act itself; or from that, when considered in connection with other statutes upon the same subject, or from these things, together with cotemporaneous construction of, or usage under, said statute."

There are two rules of construction laid down in the above

case that will greatly aid us in placing a just and reasonable construction upon the act in question. The first is, that the act in question is to be " considered in connection with other statutes on the same subject."

The fourth section of the act of March 1st, 1855, providing, among other things, for the appointment of a judge when the regular judge is absent or unable to attend, provides, that " if, from any cause, any judge of a circuit court shall be unable to attend and preside at any term of said court, or during any day or part of such term, such judge, or in his absence, or when he shall be unable to make such appointment, the clerk, auditor, and sheriff of the proper county, or a majority of them, may appoint, in writing, any other judge of a court of record of this State, or any attorney thereof eligible to the office of such a judge, to preside at such term, or during any day or part of said term," etc. 2 G. & H. 10.

It is quite obvious to us that it was the legislative intent to provide the same remedy in the case of the absence or inability of a common pleas judge as in the case of a circuit judge, except that a common pleas judge cannot appoint any other judge, but must appoint a regular practising attorney of the State.

The other rule is, that we may look to " the contemporaneous construction of, or usage under, such statute." So far as we have been enabled to discover, this is the first time that this court has been called upon to place a construction upon the statute in question, upon the precise point involved here. We are advised that it has been the uniform practice of the common pleas judges, ever since the passage of said act, whenever they have been required to absent themselves from court before the close of the term, to appoint some suitable person, a regular practising attorney of the State, to preside and hold the remainder of such term of court; and that it is the practice of the officers named in the second section of the act, when the regular judge leaves court during the term without appointing some suitable person, to

appoint some person to hold the remainder of such term of court.   Such practice and contemporaneous construction are entitled to great weight and consideration with us.

We are quite clearly of the opinion that Judge Taylor possessed the power to make the appointment at the time and in the manner he did, and that his appointee possessed the same powers as such regular judge, during the remainder of said term of court.

It is next claimed by the appellants, that the court below erred in overruling their application for a change of venue from the judge. The application was made while Judge Schell was presiding. The affidavit filed in support of the motion was to the effect that the defendants did not believe that they could obtain a fair and impartial trial before the Hon. Robert S. Taylor on account of his bias and prejudice. It seems to be too plain to admit of argument, that the court did right in overruling the motion. The affidavit was dated the day before it was filed, and was evidently prepared for Judge Taylor, but his absence from court rendered the affidavit inapplicable and of no effect when addressed to a different judge. It is very ingeniously argued by counsel for appellants, that his clients had the right to presume that the judge who sat to-day would sit to-morrow. Suppose we concede that such a presumption might be properly indulged, still we are wholly unable to see how the appellants were injured by the disappearance of a prejudiced and unfriendly judge, and the substitution of one who was free from bias or prejudice.

It is next claimed by counsel for appellants, that the court below erred in refusing to postpone the trial until the return of the regular judge. We think otherwise. We cannot see any valid reason why the appellants should desire the postponement of the trial, until the return of the judge before whom they were unwilling to try the cause.

It is finally very earnestly contended by counsel for appellants, that the court erred in overruling their application to withdraw the general denial to enable them to demur to

the complaint. All such applications are addressed to the sound discretion of the court, and the judgment will not be reversed, unless there has been a plain abuse of such discretion. Counsel for appellants has argued this point on the theory that after the plaintiff had dismissed the action as to Rollins and Mrs. Bash, the defendants wanted to change their answer. Then they should have asked leave to amend their answer, and not to withdraw the general denial for the purpose of demurring to the complaint, as is shown by the bill of exceptions. The appellants are bound by the record made in the court below. They cannot make one motion in the lower court, and then ask us to reverse the case upon an altogether different ground. There was no showing in the court below, why the rights of the appellants would be injuriously affected, if they were not permitted to demur to the complaint, nor has there been anything shown here, that satisfies us that they have been injured by the ruling of the court below. The appellants had the right to assign for error in this court that the complaint does not contain facts sufficient to constitute a cause of action, though no demurrer was filed below, but they have not done so.

We can see no error in the record, of which the appellants have the right to complain.

The judgment is affirmed, with costs, with five per cent. damages.

*J. R. Slack*, for appellants.

*J. A. Fay*, for appellee.