THE STATE OF FLORIDA EX REL. J. H. VEREEN, RELATOR, VS. THE BOARD OF COUNTY COMMISSIONERS OF MARION COUNTY, RESPONDENT.

A peremptory writ of mandamus will be refused when it is evident that it would be without beneficial results and fruitless to the relator.

This is a case of original jurisdiction.

The facts of the case are stated in the opinion of the court.

*Miller & Spencer* and *D. S. Walker, Jr.*, for Relator.

*Bullock & Burford* for Respondent.

MABRY, J.:

The relator filed in this court on the 9th day of July, 1888, a petition for an alternative writ of mandamus against the Board of County Commissioners of Marion county, Florida, commanding them to consider the application of said relator filed before said Board for a permit to sell liquors, wines and beer in district number one (1) in Marion county, Florida, and to grant to relator a permit authorizing him to obtain a license to sell liquors, wines and beer in said district from the date of said permit until the first day of October, 1888. Relator avers in his position for said

alternative writ, that in the months of July and August, 1887, he, at great expense and considerable loss of time, procured a majority of the registered voters of district number one, in Marion county, Florida, as shown by the registration list on file in the clerk's office in said county, to sign an application to the Board of County Commissioners of said county to grant him a permit to sell liquors, wines and beer from the first day of October, 1887, until the first day of October, 1888; that said application, with the names and marks attached thereto, was published for two weeks in a newspaper published in said county, before the meeting of said Board in September, 1887, and that relator made the affidavit required by the statute in reference to procuring said names; that relator presented his said application to the said Board of County Commissioners at a regular meeting on the first Monday in September, 1887, and requested that a permit be granted him to sell liquors, wines and beer from the first Monday in October, 1887, until the first Monday in October, 1888; that said Board did under various pretexts delay the hearing of his said application, and finally at said meeting refused to consider the same, alleging as an excuse for their wrongful refusal and failure to act, that one-fourth of the registered voters of Marion county had petitioned said Board to call an election to decide whether the sale of intoxicating liquors, wines or beer should be prohibited in said county, and that in accordance with said petition said Board had called an election to decide

whether liquors, wines or beer should be sold in said county; that said excuses were false, and that in fact and in truth, one-fourth of the registered voters of Marion county had not petitioned said Board to call such election, and that if said Board had called said election the same was illegally called, as no petition of one-fourth of the registered voters of Marion county had ever presented to said Board a petition for that purpose.

Further, that relator again, at a regular meeting of said Board, on the first Monday in July, 1888, presented his said application, and again requested that a permit be granted him to sell liquors, wines or beer in said district in said county from the first Monday in July 1888, until the first Monday in October, 1888, and that said Board again refused his application, alleging as an excuse that said Board had called an election to be held on the 20th day of September, 1887, to decide whether liquors, wines or beer should be sold in said county, and at said election a majority of the registered voters of Marion county, then and there voting, had decided that liquors, wines or beer should not be sold in said county for two years, under the provisions of Chapter 3,700 of the Laws of Florida. Relator alleges that all these excuses were false and mere pretenses to deprive him of his rights, and that no legal election for said purpose was ever legally held in said county.

An alternative writ of mandamus issued and was served upon the members of the Board of County Com-

missioners of Marion county. F. S. Perrin, one member of said Board, filed a separate answer in which he states that he was in favor of granting relator a permit, and so voted, and that he is now willing and ready to grant the permit. The other members of said Board filed a joint answer to said alternative writ, and admit the presentations of relator's application for permit, and the refusal of the Board to grant the same as alleged. For answer to said writ, and in defence of their action, they say that when relator presented his application for permit, an election to decide whether liquors, wines or beer should be prohibited in said county of Marion, had been ordered, and that in a short time after the presentation of said application, and on the 20th day of September, 1887, said election was held, and that a majority of the registered voters of Marion county at said election decided by vote that liquors, wines or beer should not be sold in said county, and that the result of said election was canvassed and duly made of record in Marion county, Florida. Respondents further aver that said election was legally ordered and conducted, and the same is set up alone as a defence to the alternative writ.

On the 23d day of July, 1888, relator moved to quash the return of respondents, and for peremptory writ, upon the ground that said return does not contain either a positive denial of the material facts stated in the petition of relator, or state other facts sufficient in law to defeat the relator's rights.

It is not necessary to go into a discussion of the legal points raised by the motion to quash in this case, for the obvious reason that it could result in no benefit to the relator. To award a peremptory writ of mandamus to the Board of County Commissioners of Marion county to grant relator a permit to sell liquors, wines or beer from the first day of July, 1888, until the first day of October, 1888, would be without beneficial results. Where a peremptory writ of mandamus would be fruitless, it will be refused. State *ex rel.* Bisbee vs. Inspectors of Election, 17 Fla., 26.

While relator had a right to institute his proceedings in this court, yet the crowded condition of the docket, of which he was aware, should have admonished him that an earlier determination of his case was impracticable. The Circuit Court also had jurisdiction of this cause, and he might have applied to that court for a decision if he had desired. Whatever may have been the rights of relator, had this court been able to reach the case in due course, it would now be uselesss to adjudicate them.

Motion overruled, and the cause is dismissed.