[L. A. No. 697. In Bank.—April 7, 1900.]

## BOARD OF EDUCATION OF CITY OF SAN DIEGO et al., Petitioners, v. COMMON COUNCIL OF CITY OF SAN DIEGO, Respondents.

MANDAMUS—LEVY OF CITY SCHOOL TAX—DOUBLE DEMAND BY BOARD OF EDUCATION—REFUSAL BY COUNCIL—LEVY BY SUPERVISORS—QUESTION OF LEGALITY UNDECIDED.—Where the board of education of a city made demand both upon the city council and upon the board of supervisors of the county for the levy of a sufficient tax to pay the expenses of the public schools of the city, and the council, at the time of making its levy for city taxes, refused to make the levy demanded, while the board of supervisors, at its regular time for levying taxes, levied a sufficient tax upon all of the property of the city to defray the entire expenses of the city schools for the current fiscal year, this court will not undertake upon *mandamus* against the city council to determine which of the two bodies ought to levy the tax, the object sought by the writ having been accomplished through a different instrumentality, it being presumed that the taxes levied by the supervisors not already paid will be paid in due course during the fiscal year.

ID.—WRIT OF MANDATE, WHEN NOT ISSUED.—The writ of mandate will not issue where it will work injustice, or introduce confusion and disorder, or operate harshly, or will not promote substantial justice; nor will it issue where the writ, if granted, could not be enforced, and would be unavailing.

ID.—TIME OF LEVYING TAXES—PEREMPTORY PROVISION.—A provision in a city charter fixing the time within which the council are to levy taxes upon all of the property in the city sufficient to raise revenue to carry on the different departments of the municipal government for the year is peremptory; and a levy made after the date provided therein would be invalid and unavailing, and cannot be enforced by *mandamus*.

PETITION in the Supreme Court for writ of mandate to the common council of the city of San Diego.

The facts are stated in the opinion of the court.

Withington & Carter, for Petitioners.

H. E. Doolittle, for Respondents.

CXXVIII. CAL.—24

THE COURT.—This is an original application for a writ of mandate to compel the defendant to levy the sum of forty thousand dollars taxes, for the purpose of maintaining the public schools of the city of San Diego for the fiscal year commencing after May 2, 1899. It appears that on the second day of May, 1899, the plaintiff adopted a resolution to the effect that the sum of forty thousand dollars was necessary to carry on and maintain the public schools of the city of San Diego for the ensuing fiscal year, and requesting the defendant to levy a rate of tax for school purposes for said city sufficient to raise said amount, and not to exceed thirty cents on the one hundred dollars valuation of the taxable property of the city. The defendant was notified of the resolution and requested to make said levy, and after such request refused to comply therewith or to make any levy for such school purposes.

After the plaintiff had passed the said resolution and made the request of defendant to levy the said tax, it appears that a question arose as to whether the taxes, so desired to be raised for school purposes, should be levied by the defendant under the provision of the charter of the city of San Diego, or by the board of supervisors of San Diego county under the general law of the state pertaining to schools and the support and maintenance thereof. The plaintiff evidently desiring to have the tax levied, and through abundance of caution, after it had so made the request of defendant, requested and demanded of the board of supervisors of San Diego county that it levy a sufficient tax to support and maintain the public schools of said city for the school year commencing on June 30, 1899. In pursuance of the request of the plaintiff, the said board of supervisors of said county, at the regular time of levying the county taxes of said county of San Diego, on the eighteenth day of September, 1899, levied a tax upon all taxable property of the said city of San Diego sufficient and ample to make and pay all demands and expenses for maintaining the public schools of the said city for the fiscal year commencing July 1, 1899. Although it is not disclosed by the pleadings, it is presumed that the taxes so levied by the said board of supervisors are already paid, or will be paid in due course during the fiscal year. It is, therefore, apparent that the object sought to be obtained by the

writ asked for has already been accomplished through a different instrumentality. If the schools have been and are being maintained by taxes willingly paid by the taxpayers of the school district, this court will not undertake in this action by the writ of mandate to solve the unnecessary legal conundrum as to which of the two bodies was the one legally authorized to levy the tax. If the writ could be applied for in this case, and determined on its merits, it could have been applied for against the board of supervisors of the county if the conditions had been reversed. If the city council had levied the tax and the board of supervisors had refused to levy it, the writ could for the same reasons have been applied for against the board. If the writ should now be issued, and could be enforced, it would compel the taxpayers who have already paid their school taxes under the levy to again pay them. They would have no remedy for the taxes already paid, unless paid under protest, and then they would be compelled to bring suit each for the amount so paid under the levy made by the board of supervisors. The money already collected has probably been used in paying the teachers and the expense of maintaining the schools. If again collected it might be a serious question as to what the authorities could do with it. The writ of mandate will not issue where it will work injustice, or introduce confusion and disorder, or operate harshly, or where it will not promote substantial justice. (Merrill on Mandamus, secs. 71-73.) In *San Diego School Dist. v. Supervisors,* 97 Cal. 439, a writ of mandate had been issued to the board of supervisors and an appeal taken from the judgment to this court. It appeared that after the judgment, and before the appeal was taken, the board voluntarily complied with the writ. The appeal was dismissed, and in the opinion it is said: "The proceeding was for the purpose of compelling the defendant to perform an official duty, and not one in which it had any personal rights to be affected. By reason of its levy of the tax in obedience to the judgment, rights and interests of other parties have supervened, and it would be unjust to those who have acquired or lost such rights by reason of its compliance with the judgment, if the appellant should now be permitted to seek a reversal of the judgment under which, by reason of its own acts, those rights and interests have been acquired."

The reasoning might well be applied to this case. In compliance with the plaintiffs' request the board of supervisors of the county have levied the tax for school purposes for the very year for which, by this proceeding, it is sought to have the defendant levy the tax. Citizens have paid their taxes under the levy so made by the board of supervisors, and the money has been used for paying teachers and other school expenses. It would be unjust to the taxpayer who has paid his taxes, to the teacher who has been paid for his services, and to the school district that has paid the expense of collecting the taxes, to now, in effect, by the issuance of a writ of mandate declare the levy made by the supervisors void, the tax collected illegal, and compel the school district to again collect it.

It is provided in the charter of the city of San Diego (Stats. 1889, art. 6, sec. 2, p. 696) that the common council shall, on or before the second Monday in May, levy the taxes upon all real and personal property in the city sufficient to raise revenue to carry on the different departments of the municipal government. This provision is peremptory, and a levy made after the date therein provided would be invalid. (*People v. McCreery,* 34 Cal. 442.) It is therefore apparent that the writ, if granted, could not be enforced and would be unavailing. In such case the writ will not issue. (Merrill on Mandamus, sec. 75; Moses on Mandamus, 88; *Boyne v. Ryan,* 100 Cal. 267; *Cristman v. Peck,* 90 Ill. 151; *State ex rel. Vereen v. Marion County Commrs.,* 27 Fla. 438; *State v. Archibald,* 43 Minn. 332.) In the latter case it is said: "Under the statute . . . . the defendant, the assessor, should have made his assessment in the months of May and June. . . . . So that the writ which would have followed the order would have been useless and ineffectual. The defendant could not have obeyed it, his authority to make the assessment had ended, the books had been returned to the auditor, and he was practically out of office. It is a fundamental principle of the law of *mandamus* that the writ will never be granted in cases where, if issued, it would prove unavailing. (High on Extraordinary Remedies, sec. 14, and cases cited.) For the reason that pending this litigation, and before determination was reached below, the right and power to make the assessment demanded had terminated, the order appealed from must be re-

versed." The reasoning of the supreme court of Minnesota may well be adopted and applied to this case.

The application is denied and the proceedings dismissed.