[Civ. No. 3087.   Second Appellate District, Division One.—October 21, 1919.]

## F. ISRAEL, Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

[1] PLEADING—ACTION TO RECOVER BAIL MONEY—PERMISSION TO WITHDRAW ANSWER AND FILE ANOTHER—DISCRETION OF COURT—PROTECTION FROM DEFAULT.—In an action against a justice of the peace to recover bail money deposited by the plaintiff to secure the appearance of a third party at a preliminary hearing upon a criminal charge, which money after the discharge of such third party but prior to its return to the plaintiff was levied upon by the sheriff under a writ of execution issued upon a judgment in an action against such third party, after answer by the defendant and denial of plaintiff's motion for judgment on the pleadings, the court acted within its discretion in granting the defendant leave to withdraw his answer and file another answer within five days, and the answer on file protected the defendant from default to a time when the order granting five days within which to file another answer became operative and in effect.

[2] JUDGMENTS—SUBSTITUTION OF DEFENDANTS—RELEASE OF ORIGINAL DEFENDANT—HOW ORDERS REVIEWABLE—MANDAMUS—CERTIORARI.—Where prior to the expiration of the time within which the defendant was given leave to file another answer, upon affidavits being filed and motion made under section 386 of the Code of Civil Procedure, the judgment creditor and the sheriff were substituted as defendants and their answer filed, the money deposited in court, and the original defendant released from further liability, and thereafter the action was tried and judgment rendered that plaintiff take nothing and that defendants recover their costs, the orders of the court substituting the new defendants and releasing the original defendant, though made in excess of jurisdiction, are not subject to review in a proceeding in *mandamus* to compel the court to render a judgment against the original defendant. The court's action should have been annulled in a proceeding in *certiorari*, wherein the original status of both parties would have been restored and their rights protected.

[3] ID.—ERRORS IN TRIAL OF ACTION NOT REVIEWABLE.—In such proceeding in *mandamus* to compel the court to render judgment against the original defendant, the appellate court is not concerned with the alleged errors in the trial of the action against the substituted defendants.

[4] ID.—FAILURE TO DETERMINE DEFENDANTS' RIGHTS—PLAINTIFF NOT CONCERNED.—Where in the action against the substituted defend-

ants the court rendered judgment that plaintiff take nothing, it is no concern of the plaintiff that the court failed to determine the right of the defendants to the fund in question.

PROCEEDING in Mandamus to compel the Superior Court of San Diego County, and C. N. Andrews, Judge thereof, to render judgment against a defendant who had been released from liability, other defendants having been substituted. Writ discharged.

The facts are stated in the opinion of the court.

E. J. Henning and W. H. Wylie for Petitioner.

Eugene Daney and Heskett & Sample for Respondents.

SHAW, J.—This is an original application for writ of mandate to compel the superior court of San Diego County to render a judgment for three thousand dollars in favor of petitioner in a certain action wherein she was plaintiff and Solon Bryan was defendant.

The controversy grows out of the following facts: On the eleventh day of February, 1918, petitioner deposited with Solon Bryan, who was a justice of the peace, the sum of three thousand dollars to secure the appearance of F. M. Couden at a preliminary hearing upon a criminal charge. As a result of the hearing, held on February 21, 1918, Couden was discharged from custody and his bail released. On the same day, and after dismissal of the criminal complaint filed against him and prior to the return of said bail money so deposited with said justice of the peace, there was served upon him, the said Solon Bryan, by the sheriff of the county of San Diego, a writ of execution issued out of the superior court upon a judgment theretofore rendered against F. M. Couden in a certain action wherein the First National Bank was plaintiff and the former was defendant. Thereupon Bryan, upon demand made by petitioner for the return of the three thousand dollars so deposited by her as bail for the appearance of said Couden, refused to pay the same to petitioner, who, on April 8, 1918, brought suit against Bryan to recover the money in question. Within due time Bryan answered the complaint; whereupon petitioner, as plaintiff in said

action, made a motion for judgment on the pleadings, which was heard on May 20, 1918, and an order made denying the same. Thereupon Solon Bryan, as defendant in said action, applied to the court for permission to withdraw the answer so filed and file another answer to the complaint. This application was granted and Bryan allowed five days to file another answer. Within the five days allowed for filing such answer Bryan filed an affidavit and notice of motion, under section 386 of the Code of Civil Procedure, to substitute the sheriff of San Diego County and the First National Bank in his place and stead as defendants in said action, which motion was heard on May 24, 1918, and an order made granting the same, pursuant to which Bryan deposited in court the three thousand dollars which action was followed by an order releasing him from further liability, and at the same time the sheriff and First National Bank, as substituted defendants, filed their answer. No further proceedings of any kind or character were had in said matter until a year thereafter, to wit, on May 31, 1919, at which time the case was tried upon the complaint and the answer of the substituted defendants, when findings were made upon which judgment was rendered by the court that petitioner, as plaintiff in said action, take nothing and the defendants recover $——, costs. Thereafter, on June 11, 1919, pursuant to notice served, and in the absence of any order made setting aside or otherwise affecting the judgment so rendered, petitioner moved the court to enter judgment in said action for the plaintiff therein and against Solon Bryan, upon the ground that said Bryan having by leave of court withdrawn the answer filed, was in default, and hence plaintiff was entitled to judgment. The motion was denied. The contention of petitioner is that the order granting Bryan five days from May 20, 1918, to file an answer, was void, as were likewise the orders made releasing him from further liability upon depositing the said three thousand dollars in court and substituting as defendants in said action the sheriff and First National Bank.

That the court in permitting the defendant Bryan to withdraw his answer was acting within its jurisdiction is not and, in our opinion, cannot be, questioned in this proceeding. (*Miles et al.* v. *Danforth*, 37 Ill. 157; *Rowan* v.

*Kirkpatrick,* 14 Ill. 1; *Bash* v. *Evans,* 40 Ind. 256.)   [1]
The orders permitting the withdrawal of the answer and
granting leave to file another were made at the same time;
hence the answer on file protected defendant from default to
a time when the order granting five days within which to
file another answer became operative and in effect, prior to
the expiration of which time the fund was deposited in
court and the order made releasing Bryan from liability.
In effect the situation was the same as though defendant,
instead of filing the answer so withdrawn, had asked and
obtained from the court an extension of time, not exceeding
thirty days, within which to answer, as provided in section
1054 of the Code of Civil Procedure. Hence, we are of the
opinion that the court, in the exercise of its discretion and
acting within its jurisdiction, had power to permit the an-
swer to be withdrawn and to grant defendant time, not
exceeding thirty days in addition to that allowed by the
code (sec. 1054, *supra*), within which to file an answer.
This being true, it must follow that the proceedings had
and taken pursuant to the provisions of section 386 of the
Code of Civil Procedure, under which Bryan deposited the
fund in controversy in court and the substitution of the
parties defendant was made, were within the power of
the court.

[2]   Conceding, however, the court in making the orders
complained of acted in excess of jurisdiction, its action
should have been annulled in a proceeding by *certiorari,*
wherein the original status of both parties would have been
restored and their rights protected. Upon the facts pre-
sented, this status and protection cannot be secured by a
writ of mandate. Indeed, its issuance in this proceeding
would not only lead to confusion, but work a gross injustice
to one of the parties. In *Board of Education* v. *Common
Council,* 128 Cal. 369, [60 Pac. 976], it is said: "The
writ of mandate will not issue where it will work injustice,
or introduce confusion and disorder, or operate harshly, or
where it will not promote substantial justice." And in *Neto*
v. *Conselho Amor, etc.,* 18 Cal. App. 234, [122 Pac. 973],
the court, in discussing the right to such writ, says: "It
is not issued on mere technical grounds. Its design is to
do substantial justice and prevent substantial injustice."
In the case at bar it appears that after the expiration of

more than a year from the making of the order releasing
Bryan from liability and under and pursuant to which
he parted with the fund in controversy, and without any
action on the part of petitioner to set aside the order under
which he acted, and after substitution of defendants, who
filed an answer putting in issue the allegations of the com-
plaint in said action, a trial thereof was had, in which
trial the court found that plaintiff was not entitled to the
fund, and rendered judgment based upon said findings that
plaintiff take nothing by her action. In thus rendering
judgment the court was acting within its jurisdiction; and,
conceding that it may have committed error, the judgment
stands as a final determination until set aside in some proper
proceeding for its review. Under the circumstances shown,
to issue a writ requiring the court to render judgment
against Bryan would not only lead to confusion and dis-
order, but it would operate harshly in that it would work
an injustice upon Bryan, who, as stated, has, as required
by the order of the court, parted with and surrendered the
fund to another depositary. Had petitioner, as plaintiff in
said action, the trial of which she entered upon without
protest or objection here reviewable, been successful therein,
she would have accepted the result.

[3] In this application we are not concerned with the
alleged errors of the court in the trial of the case. It may
be, as claimed by petitioner, that the findings made by the
court are not supported by the evidence, or that the court
failed to make findings upon material issues. [4] How-
ever this may be, it appears that the court rendered judg-
ment that plaintiff take nothing and, conceding that the
court should have determined the right of defendants to
said fund, such question is one for the concern of defend-
ants, and not the plaintiff, whom the court adjudged should
take nothing in the action.

The alternative writ heretofore issued is discharged and
the proceeding dismissed.

Conrey, P. J., and James, J., concurred.