[Civ. Nos. 3438 and 3450. Second Appellate District, Division One.— March 26, 1921.]

## F. ISRAEL, Appellant, v. SOLON BRYAN et al., Respondents.

[1] JUDGMENTS—DATE OF RENDERING—RECITALS—EVIDENCE.—A recital in an amended judgment that it was rendered on a given date, which was one day prior to the filing of notice of appeal from the original judgment, at which time the court had jurisdiction to amend the original judgment, must be accepted as true, in the absence of anything contained in the record on appeal inconsistent therewith, notwithstanding the record shows that such amended judgment was not filed by the clerk or entered until two days after the filing of notice of appeal.

[2] INTERPLEADER—WITHDRAWAL OF ANSWER—SUBSTITUTION OF DEFENDANTS.—Where a case is otherwise properly within the provisions of section 386 of the Code of Civil Procedure, but the defendant has filed an answer, the superior court has the power to permit such answer to be withdrawn and to grant said defendant time, not exceeding thirty days, within which to file another answer, and if within the time granted said defendant proceeds in accordance with the provisions of that section, the court has the power, under the provisions of that section, to make an order releasing him from liability as a defendant and substituting the other persons claiming the property which is the subject of plaintiff's action.

[3] EXECUTION—MANNER OF LEVY—EVIDENCE—FINDING.—In the absence of any evidence on appeal showing how the levy was made, a finding by the trial court that the execution was served upon the debtor of a judgment debtor implies that it was duly served in full compliance with the provisions of the statute.

<hr/>

2. Right of interpleader, notes, 35 Am. Dec. 695; 91 Am. St. Rep. 593.

[4] INTERPLEADER—RIGHT TO FUNDS—LEVY OF EXECUTION IN FAVOR OF JUDGMENT CREDITOR.—While a judgment creditor may not maintain an action at law against a debtor of his debtor without the issuance and levy of a writ of attachment and he cannot maintain a creditor's bill to subject property to the payment of a judgment without alleging and proving that an execution has been returned unsatisfied, a judgment creditor may cause a levy of execution to be made upon funds in the hands of a third party, claiming that the same are funds of the judgment debtor, and if thereafter a fourth party commences an action against such third party claiming such funds and, pursuant to proceedings had under section 386 of the Code of Civil Procedure, the judgment creditor and the sheriff are substituted as defendants, the money deposited in court, and the original defendant discharged from liability, the judgment creditor, as a substituted party defendant, may by answer set forth his right to the funds, and, as between himself and the plaintiff as other claimant, submit the question to the determination of the court.

[5] ID.—PROPER APPLICATION OF FUNDS—IMMATERIAL IRREGULARITIES. In such action, the court having found that the funds in question were the property of the judgment debtor, and its action in applying the funds to the satisfaction of the judgment in favor of the substituted party defendant and against such judgment creditor having been a just and righteous disposition of the same, that action, in accordance with the provisions of section 4½ of article VI of the constitution, should be affirmed on appeal, notwithstanding there were irregularities in the proceedings.

[6] ID.—PARTIES—SHERIFF AS SUBSTITUTED DEFENDANT.—Where, in an action against a justice of the peace to recover money deposited by plaintiff to secure the release of a third person at a preliminary hearing upon a criminal charge filed against him, the defendant, in accordance with the provisions of section 386 of the Code of Civil Procedure, institutes an interpleader proceeding based upon the fact that immediately upon the discharge of such third person upon the criminal charge the money was attached by the sheriff under an execution on a judgment against such third person, the sheriff is a proper substitued party defendant, unless prior to the filing of the interpleader he had made return upon the writ of attachment. (Opinion of supreme court on denial of hearing.)

[7] ID.—DUTY OF SHERIFF TO DEFEND TITLE.—A sheriff who has attached property has the right to defend the title of the attachment defendant thereto so as to protect his writ, at least until he has made return so that the plaintiff in the action may make his defense thereto. (Opinion of the supreme court on denial of hearing.)

[8] ID.—EQUITY—PARTIES.—The proceeding in interpleader is a pro-
ceeding in equity, and all persons having any right or interest to
protect may properly be made parties to such proceeding. (Opin-
ion of supreme court on denial of hearing.)

APPEAL from a judgment of the Superior Court of
San Diego County. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. J. Henning and W. H. Wylie for Appellant.

Eugene Daney and Heskett & Sample for Respondents.

SHAW, J.—In an opinion filed on December 20, 1920, the
judgment herein was reversed upon the sole ground that the
court erred in making an order that upon defendant Bryan
depositing in court the fund in controversy he be discharged
from liability, and other defendants, who were asserting
claim to the money, substituted in his place. The decision
was based upon the fact that, as shown by the record *then
presented,* Bryan had an answer on file in the action, and
hence the order made was in violation of the provisions of
section 386 of the Code of Civil Procedure, which requires
that in such cases it be made before answer filed.

The case involves two appeals, both of which are based
upon the judgment-roll alone.

The history of the matter, as appears from the findings
and record as corrected by diminution thereof allowed by
the court after the making of the order granting the re-
hearing, is as follows: It is alleged in the complaint, filed on
April 8, 1918, that plaintiff, on February 11, 1918, de-
posited with Solon Bryan, justice of the peace, the sum of
three thousand dollars cash bail to secure the appearance of
F. M. Couden at a preliminary hearing upon a criminal
charge filed against him; that at said hearing, held on Feb-
ruary 21, 1918, Couden was discharged, and on February
26th following, plaintiff demanded that Bryan return and
redeliver to him the three thousand dollars so deposited,
which demand was refused; wherefore plaintiff prayed
judgment against defendant Bryan for the sum of three
thousand dollars and interest from the date of the demand.
To this complaint Bryan, on May 15, 1918, filed an answer

wherein he admitted the making of the deposit by plaintiff for the purpose stated in the complaint, but, on information and belief, denied that the same was the property of plaintiff, and alleged that in truth and in fact the same belonged to and was the property of F. M. Couden, who was entitled to the same; that on February 21st, after the release of Couden and the dismissal of the criminal charge, the sheriff of San Diego County served upon him an execution issued out of the superior court of San Diego County upon a judgment rendered against the defendant in the case of the First National Bank against F. M. Couden, and, asserting that the said sum of three thousand dollars in his possession was the property of Couden, demanded that defendant Bryan deliver the same to the sheriff, but that defendant Bryan refused to deliver the money to the sheriff upon said writ of execution or otherwise, or to deliver the same to plaintiff until the question as to which said claimants was entitled to the same was determined by the court; followed by a prayer that the court determine and adjudge to whom said fund belongs.

Upon the application of Bryan he was permitted to withdraw this answer, and granted five days within which to answer the complaint. Thereafter, and within the time so fixed for filing an answer, Bryan, purporting to act under the provisions of section 386 of the Code of Civil Procedure, and pursuant to notice given, made a motion for an order substituting James C. Byers as sheriff of San Diego County and the First National Bank of San Diego as defendants in the action, and that upon his depositing in court the said sum of three thousand dollars he be discharged from liability to any of said parties on account of said deposit so made with him by plaintiff. This motion was supported by an affidavit setting forth in substance the facts contained in the answer filed by Bryan to the complaint herein. Thereupon, on May 24, 1918, the court made an order granting his motion, and substituted as defendants in said action James C. Byers, as sheriff, and the First National Bank of San Diego, California, and thereafter made its order reciting that Bryan had complied with its direction with reference to the deposit in court of said sum of money, and ordered, adjudged, and decreed that Bryan be fully discharged and

released from any liability whatsoever to any of the parties in the action, and dismissed him as a defendant therein.

The sheriff and First National Bank, as substituted defendants, filed their joint answer, alleging the money upon which the execution had been levied to satisfy the judgment entered against defendant in the case of the bank against Couden, was the property of the latter, and praying that the same be applied in payment of said judgment. Upon the issues so joined, the court, among other adverse findings to plaintiff, found that the sum of money so deposited with Bryan was the property of Couden, and, on June 9, 1919, rendered and entered a judgment that plaintiff take nothing and "defendants do have and recover of and from said plaintiff the sum of $——, costs and disbursements incurred in this action," thus leaving the subject of the litigation, in so far as concerned the rights of the bank thereto, undetermined. On August 7, 1919, plaintiff gave notice of appeal from this judgment. After the rendition thereof and as recited therein, the court, on August 6th, rendered an amended judgment, dated August 6th, indorsed "Filed August 9, 1919, J. B. McLees, Clerk," whereby the First National Bank was awarded the amount due on its judgment against Couden. Thereafter plaintiff filed a notice of appeal from the judgment as so amended. As ground for the reversal thereof counsel for appellant insists that it was rendered on August 9th, two days after the appeal had been taken on August 7th from the original judgment theretofore rendered on June 9th, by reason of which, if in fact the judgment was rendered on August 9th, the effect thereof, as claimed by appellant, was to remove the case from the jurisdiction of the superior court.

The amended judgment, however, contains the recital that "on the *sixth day* of August, 1919, pursuant to due notice regularly given, the plaintiff having in open court moved that said judgment be amended by including therein a final disposition of the funds now impounded by this court, to wit, the sum of three thousand dollars heretofore deposited with the court by the former defendant herein Solon Bryan pursuant to the order of the court heretofore made herein, and the motion of the said plaintiff being now granted; wherefore by reason of the law and the premises, it is hereby ordered, adjudged and decreed that," etc. [1] Conceding

that jurisdiction to render this amended judgment could not
be conferred by the fact that the action of the court was on
plaintiff's motion (*Kinard* v. *Jordan,* 175 Cal. 13, [164
Pac. 894]; *Parkside etc. Co.* v. *MacDonald,* 167 Cal. 346,
[139 Pac. 805]), nevertheless, in the absence of anything
contained in the record inconsistent therewith, the recital
that the judgment was rendered on *August 6th* must be
accepted as true. Hence we must assume the judgment,
though not filed by the clerk or entered until August 9th,
was rendered as stated therein on August 6, 1919, and prior
to the appeal, at which time the court had jurisdiction to
amend the judgment theretofore entered. (*Takekuwa* v.
*Hole,* 170 Cal. 323, [159 Pac. 593]; *City and County of
San Francisco* v. *Brown,* 153 Cal. 644, [96 Pac. 281].)

[2] As to the original judgment rendered on June 9,
1919, and so amended, as stated, by order of court on Au-
gust 6th, appellant's chief contention is that, by reason of
the fact that Bryan had filed an answer in said action so
brought by plaintiff against him, the court had no power
under the provisions of section 386 of the Code of Civil
Procedure to make the order releasing him from liability as
a defendant, and substituting the bank as defendant in said
action. In an application made by plaintiff for a writ of
mandate against the superior court, he made the same con-
tention, based, as now, upon the ground that, notwithstand-
ing the fact that Bryan had no answer on file when the
order of substitution of defendants was made, the court had
no jurisdiction to make it, and in deciding the question the
court, in *Israel* v. *Superior Court,* 43 Cal. App. 711, [185
Pac. 682], said: "That the court, in permitting the de-
fendant Bryan to withdraw his answer, was acting within
its jurisdiction, is not, and, in our opinion cannot be, ques-
tioned in this proceeding. (*Miles et al.* v. *Danforth,* 37 Ill.
157; *Rowan* v. *Kirkpatrick,* 14 Ill. 1; *Bash* v. *Evans,* 40
Ind. 256.) The order permitting the withdrawal of the
answer and granting leave to file another was made at the
same time; hence the answer on file protected defendant
from default to a time when the order granting five days
within which to file another answer became operative and
in effect, prior to the expiration of which time the fund was
deposited in court and the order made releasing Bryan from
liability. In effect the situation was the same as though de-

fendant, instead of filing the answer˙so withdrawn, had asked and obtained from the court an extension of time, not exceeding thirty days, within which to answer as provided in section 1054 of the Code of Civil Procedure. Hence we are of the opinion that the court in the exercise of its discretion, and acting within its jurisdiction, had power to permit the answer to be withdrawn and to grant defendant time, not exceeding thirty days in addition to that allowed by the code, within which to file an answer. This being true (and there being no answer), it must follow that the proceedings had and taken pursuant to the provisions of section 386 of the Code of Civil Procedure, under which Bryan deposited the fund in controversy in court and the substitution of the parties defendant was made, were within the power of the court." Having, in *Israel* v. *Superior Court, supra,* held the court had jurisdiction to make the order, the decision there made must be deemed *res adjudicata* as to the question now again presented.

[3] The court in express terms found that the writ of execution was served upon Bryan, and "that on the twenty-sixth day of February, 1918, the said Solon Bryan made his return as demanded . . . in which he reported that he had possession of and was holding said sum of three thousand dollars." Appellant insists that such finding is insufficient to show that the levy was made in the manner provided by statute upon the money so deposited with Bryan. Section 688 of the Code of Civil Procedure, under title of "What Shall be Liable to be Seized in Execution," provides that all moneys of the judgment debtor are liable to execution, and where, as here, held by one other than the judgment debtor, it "may be levied upon . . . in like manner as like property may be attached." And subdivision 5 of section 542 of the Code of Civil Procedure provides how such property shall be levied upon under a writ of attachment, namely: by leaving with the person having possession or control of the money a notice as therein prescribed. It is a well-settled rule that findings of fact made by a trial court are to receive such construction as will uphold rather than defeat the judgment based thereon. In the absence of any evidence showing how the levy was made, the finding of the court that the execution was served upon Bryan implies

that it was duly served in full compliance with the provisions of the statute.

[4] We may concede that, as claimed by appellant, a judgment creditor cannot maintain an action at law against a debtor of his debtor without the issuance and levy of a writ of attachment, and that no proceeding therefor was had in this action, and likewise concede that plaintiff cannot maintain a creditor's bill to subject property to the payment of a judgment without alleging and proving that an execution has been returned unsatisfied. (*Matteson etc. Co.* v. *Conley,* 144 Cal. 483, [77 Pac. 1042] ; *Herrlich* v. *Kaufmann,* 99 Cal. 271, [37 Am. St. Rep. 50, 33 Pac. 857].) But the First National Bank, as judgment creditor of Couden, was not seeking to recover from either Israel or Bryan as a debtor of Couden, but by virtue of its judgment against the latter, it caused the levy of execution to be made upon the fund in the hands of Bryan, claiming that the same was the property of Couden. By reason of Bryan depositing the money in court and his release from liability, the bank could not proceed upon supplementary proceedings to have the money applied in satisfaction of the execution. As a substituted party, its only course was by answer to set forth its right to the fund, and, as between itself and plaintiff as other claimant, submit the question to the determination of the court.

[5] That the fund so deposited by the plaintiff with Solon Bryan and upon which the execution was levied was *at all times in question the property of Couden,* conclusively appears from the finding made by the court upon the trial of the issue as to ownership thereof, and that the action of the court, in the custody of which the money was by its order deposited, in applying the same to the payment of a valid judgment rendered in favor of the bank and against Couden, was a just and righteous disposition of the same, cannot be questioned. Under these circumstances, even though conceding there were irregularities, in the proceedings, nevertheless the judgment, in accordance with the provisions of section 4½ of article VI of the constitution, should be affirmed.

The objection that the sheriff was by the order improperly made a defendant is well founded. (*Sublette* v. *Melhado,*

1 Cal. 104; *Brummagim* v. *Boucher,* 6 Cal. 16.) In no event, however, could plaintiff have. been prejudiced thereby. The judgment is affirmed.

James, J., concurred.

CONREY, P. J., Concurring.—I concur in the judgment. I do not agree that the court, on this record, had jurisdiction to render and enter the amended judgment, except under the authority conferred by sections 663 and 663a of the Code of Civil Procedure. But since there does not appear to have been any notice of entry of the judgment that was entered on June 9th, the notice of motion to amend was, apparently, made within the time limit prescribed by section 663a.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 23, 1921, and the following opinion then rendered thereon:

THE COURT.—The petition for rehearing in the supreme court is denied.

[6] We are not in accord with the statement in the opinion of the district court of appeal that "the sheriff was improperly made a defendant" in the proceeding for an interpleader by the defendant in the superior court. The sheriff had served a notice of attachment of the money in the hands of Bryan belonging to Couden, and the sheriff had a sufficient interest to entitle him to appear and show the true title to the money in behalf of his principal, the plaintiff in the action in which the judgment was issued, unless prior to the filing of the interpleader he had made return upon the writ of attachment. This fact does not appear. [7] A sheriff who has attached property has the right to defend the title of the attachment defendant thereto so as to protect his writ, at least until he has made return so that the plaintiff in the action may make his defense thereto. The cases cited in the opinion merely hold that the sheriff cannot recover the money from the attachment defendant and that the court in the attachment proceeding should not order it to be paid to the sheriff prior to the

final disposition of the case in which the levy was made.
[8] The proceeding in interpleader is a proceeding in equity, and all persons having any right or interest to protect may properly be made parties to such proceeding.

We are also of the opinion that the amendment of the judgment made on August 6th can only be upheld on the theory that as no notice of the entry of the judgment had been given, it must be assumed that, in effect, the amendment was made under the authority of section 663a of the Code of Civil Procedure, as indicated in the concurring opinion of Presiding Justice Conrey.

All the Justices concurred.